**Kevin PETTIFORD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–0311–PC–1006.

Court of Appeals of Indiana.

May 12, 2004.

Kevin Pettiford, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Daniel Jason Kopp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Kevin Pettiford appeals the trial court's denial of his motion to correct erroneous sentence, contending that the trial court erred because the abstract of judgment does not reflect good time credit for the time he spent in confinement prior to sentencing.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In December 1999, Pettiford was charged with burglary. After he pled guilty, the trial court entered conviction against him and in July 2000 sentenced him to a twelve-year sentence. On the abstract of judgment, the trial court recorded that Pettiford was entitled to 259 days of credit toward his sentence based on the time he served in the Delaware County Jail awaiting sentencing. However, it did not note the number of days of good time credit to which Pettiford was entitled.

In October 2003, Pettiford filed a motion to correct erroneous sentence requesting that the trial court amend the abstract of judgment to reflect Pettiford's pre-sentence good time credit. The trial court

denied this motion, and Pettiford now appeals.

## DISCUSSION AND DECISION

■ Pettiford appeals the trial court's denial of his motion to correct erroneous sentence. IC 35–38–1–15 provides a remedy for a convicted person who is sentenced erroneously. Under the statute, the trial court may correct an erroneous sentence. *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind.2000). A motion to correct sentence is appropriate where the sentence is erroneous on its face. *Id.* A sentence is facially defective if it violates express statutory authority at the time the sentence is pronounced, as when the sentence falls outside the statutory parameters for the particular offense or is based on an erroneous interpretation of a penalty provision. *Funk v. State,* 714 N.E.2d 746, 748–49 (Ind.Ct.App.1999), *trans. denied; Gressel v. State,* 653 N.E.2d 139, 139 (Ind.Ct.App. 1995).

Recently, our supreme court decided *Robinson v. State,* 805 N.E.2d 783 (Ind. 2004). In *Robinson,* the defendant filed a motion to correct erroneous sentence asserting that the trial court's sentence improperly failed to award credit for time served and good time credit. The court explained that "[i]t is the court's judgment of conviction and not the abstract of judgment that is the official trial court record and which thereafter is the controlling document. Therefore, a motion to correct erroneous sentence may not be used to seek corrections of claimed errors or omissions in an abstract of judgment." *Id.* at 794.

Here, Pettiford challenges the abstract of judgment. Accordingly, the trial court did not err in denying his motion.

■ Moreover, even if Pettiford were challenging the sentence itself, and not the abstract of judgment, his claim would fail.

In *Robinson,* the court clarified that claims that "the trial court's sentence reported only the actual time served before sentencing and did not comply with the statutory requirement that it also include a separate statement of credit time earned for time spent in confinement before sentencing," *id.* at 788, were the type of claims that may be asserted by a motion to correct sentence. Moreover, it interpreted IC 35–38–3–2 to require that a trial court's judgment of conviction separately include both the amount of time spent by the defendant prior to imposition of the sentence and also the amount of credit time earned for good behavior. *See* IC 35–50–6–3. However, it created a presumption that "[s]entencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." *Id.* at 792. It then concluded that because of this presumption, sentences that failed to include the designation of good time credit were not erroneous. *Id.* at 792.

Thus, even if Pettiford were challenging his sentence and not merely the Abstract of Judgment, his sentence is correct by virtue of the *Robinson* presumption. The trial court did not err.

Affirmed.

NAJAM, J., and RILEY, J., concur.