**Michael NEWSOM, Appellant–Respondent,**

v.

**STATE of Indiana, Appellee–Petitioner.**

No. 49A02–0602–JV–159.

Court of Appeals of Indiana.

Aug. 11, 2006.

_____

Michael Newsom, Greencastle, IN, Appellant pro se.

Steve Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Respondent Michael Newsom, *pro se*, appeals the juvenile court's denial of his motion to correct erroneous sentence.[1] We affirm.

### Issue

Newsom raises two issues, which we consolidate and restate as whether the juvenile court abused its discretion by denying Newsom's motion to correct erroneous sentence challenging the juvenile court's dispositional order entered after he violated his probation and suspended commitment.

### Facts and Procedural History

In 1997, the State filed a petition of delinquency alleging that Newsom was a delinquent child for having committed an act, which if committed by an adult, would have constituted the crime of battery as a Class A misdemeanor. Following a denial hearing, the juvenile court entered a true finding for the lesser offense of battery as a class B misdemeanor if committed by an adult. In October 1997, the juvenile court entered its dispositional order and placed Newsom on probation with home-based counseling.

The State later filed three notices alleging that Newsom had violated his probation. The first probation violation allegation, filed in November 1997, was admitted to by Newsom and resulted in the juvenile court ordering Newsom to continue probation with placement at Charter Residential Treatment Center. The second probation violation allegation, filed in August 1998, was also admitted to by Newsom and resulted in the juvenile court ordering Newsom to a suspended commitment at the Indiana Department of Correction ("DOC") with placement at Resolute Treatment Center. The third violation allegation, filed in September 1999, was found to be true after the juvenile court conducted a hearing on the matter. Thereafter, the juvenile court made Newsom a ward of the DOC and recommended that Newsom be committed for twelve months and complete sex offender counseling and treatment programs, as well as a vocational or GED program.

By February 2001, Newsom's wardship in the DOC had been "Successfully completed[.]" App. at 4. On November 2, 2005, Newsom filed a motion to correct erroneous sentence, which the juvenile court denied. Newsom now appeals.

### Discussion and Decision

#### I. *Standard of Review*

 Newsom appeals the trial court's denial of his motion to correct erroneous sentence under Indiana Code Section 35–38–1–15. A motion to correct sentence is appropriate only when the sentencing er-

---

1. Newsom appeals the denial of his motion to correct erroneous sentence challenging the juvenile court's dispositional order entered after he violated his probation and suspended commitment. However, Newsom, who was born on April 9, 1985, is no longer a juvenile. Therefore, we will refer to him by his name.

ror is clear from the face of the judgment imposing the sentence in light of the statutory authority. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind.2004). "A sentence is facially defective if it violates express statutory authority at the time the sentence is pronounced, as when the sentence falls outside the statutory parameters for the particular offense or is based on an erroneous interpretation of a penalty provision." *Pettiford v. State*, 808 N.E.2d 134, 136 (Ind.Ct.App.2004) (citations omitted).

■ A trial court's ruling upon a motion to correct sentence is subject to appeal by normal appellate procedures. *Robinson*, 805 N.E.2d at 786 (citing *Thompson v. State*, 270 Ind. 677, 680, 389 N.E.2d 274, 276–77 (1979)). When we review the trial court's decision on such a motion, we defer to the trial court's factual findings and review its decision only for abuse of discretion, and we review its legal conclusions de novo. *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind.2000), *reh'g denied.*

## II. Analysis

■ The issue is whether the juvenile court abused its discretion by denying Newsom's motion to correct erroneous sentence challenging the juvenile court's dispositional order entered after he violated his probation and suspended commitment.

Initially, we note that the State argues that this issue is moot because Newsom has already completed his juvenile commitment to the DOC and if Newsom prevails on this argument, our court is not in any position to render effective relief to him. Newsom responds that we should address his argument because "it is just and right for Newsom to have review" and suggests if we conclude that the juvenile court erroneously committed him to the DOC for twelve months, then, as a remedy, he "should have [any excess] time credited to

any future criminal sentences[.]" Appellant's Brief at 9; Appellant's Reply Brief at 2.

We agree with the State that Newsom's challenge to his juvenile disposition is moot. *See A.D. v. State*, 736 N.E.2d 1274, 1276 (Ind.Ct.App.2000) (holding that the longstanding rule in Indiana has been that a case is deemed moot and will be dismissed when no effective relief can be rendered to the parties before the court). Nevertheless, our courts "have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of 'great public interest.'" *R.A. v. State*, 770 N.E.2d 376, 378 (Ind.Ct.App.2002) (quoting *In re Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991)). Issues that are likely to recur generally fall within the public interest exception. *A.D.*, 736 N.E.2d at 1276. "[T]he propriety of juvenile detention and the commitment of Indiana youth to the DOC involve matters of great public importance" [and] "[t]hese issues are ones likely to recur[.]" *R.A.*, 770 N.E.2d at 378. Therefore, we will address the merits of Newsom's motion to correct erroneous sentence challenging his juvenile disposition.

■ Here, over four years after Newsom completed his juvenile wardship with the DOC, he filed a motion to correct erroneous sentence under Indiana Code Section 35–38–1–15. Although not discussed by either party, we note that Indiana Code Section 35–38–1–15 provides a remedy for a *convicted* person who is *sentenced* erroneously. *Pettiford*, 808 N.E.2d at 136. Specifically, Indiana Code Section 35–38–1–15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given

to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

Newsom, however, filed his motion to correct erroneous sentence to challenge the juvenile court's dispositional order entered after Newsom violated his probation and suspended commitment. The Indiana Supreme Court has explained the nature of the juvenile justice system as follows:

> The nature of the juvenile process is rehabilitation and aid to the juvenile to direct his behavior so that he will not later become a criminal. For this reason the statutory scheme of dealing with minors is vastly different than that directed to an adult who commits a crime. Juvenile judges have a variety of placement choices for juveniles who have delinquency problems, ranging from a private home in the community, a licensed foster home, a local juvenile detention center, to State institutions such as the Indiana Boys School and Indiana Girls School. *None of these commitments are considered sentences* ... When *a juvenile is found to be delinquent,* a program is attempted to deter him from going further in that direction in the hope that he can straighten out his life before the stigma of criminal conviction and the resultant detriment to society is realized. In contrast, when *an adult is convicted* of a crime, the conviction is a stigma that follows him through life, creating many roadblocks to rehabilitation. In addition to the general stigma of

being an "ex-con," or a felon, the conviction subjects him to being found a habitual criminal if he later commits additional felonies, and affects his credibility as a witness in future trials. The Legislature purposely designed the procedures of juvenile determinations so that these problems are not visited on those found to be juvenile delinquents in a juvenile court.

*Jordan v. State,* 512 N.E.2d 407, 408–409 (Ind.1987) (emphases added), *reh'g denied.*

Because Newsom is not a "convicted person" and the juvenile court's disposition does not constitute a "sentence," we conclude that Indiana Code Section 35–38–1–15 is not available to Newsom as a means to challenge his juvenile disposition. *See, e.g., id.* at 408–409 (holding that "[j]uvenile adjudications do not constitute criminal convictions" and, therefore, post-conviction remedies cannot be interpreted to apply to a juvenile adjudged to be a delinquent). Therefore, the juvenile court properly denied Newsom's motion to correct erroneous sentence.

### Conclusion

For the foregoing reasons, we affirm the juvenile court's denial of Newsom's motion to correct erroneous sentence.

Affirmed.

RILEY, J., and MAY, J., concur.