**Robert D. DAVIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 32A01–1003–CR–144.

Court of Appeals of Indiana.

Oct. 28, 2010.

Robert D. Davis, Carlisle, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Nicole Dongieux Wiggins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Robert D. Davis (Davis), appeals the trial court's Order denying his motion for leave to amend his motion to correct erroneous sentence.

We affirm.

### ISSUE

Davis raises one issue on appeal, which we restate as: Whether the trial court properly denied his motion for leave to amend.

### FACTS AND PROCEDURAL HISTORY

On August 8, 1997, Davis was convicted of four counts of altering an original or special identification number, Class C felonies, Ind.Code § 9–18–8–12, twelve counts of receiving stolen auto parts, Class D felonies, I.C. § 35–43–4–2.5(c), and one count of corrupt business influence, a Class C felony, I.C. § 35–45–6–2(2). In addition, Davis was adjudicated to be an habitual offender. On October 17, 1997, the trial court sentenced Davis to eight years for each count of altering a special identification number, three years on each count of receiving stolen auto parts, and eight years for corrupt business influence. The trial court enhanced his sentence by twelve years based on his habitual offender conviction. Because all sentences were ordered to be served consecutively, Davis received an aggregate sentence of eighty-eight years executed.

On November 17, 1997, Davis filed a motion to correct error, which was denied by the trial court. After Davis pursued an appeal, we affirmed the trial court in a memorandum opinion issued on October 24, 2000. On January 31, 2002, Davis filed a petition for post-conviction relief, which

was denied by the trial court. On December 29, 2004, we affirmed the trial court's decision to deny Davis' post-conviction relief.

On May 25, 2005, Davis filed a motion to correct erroneous sentence, which was denied by the trial court. However, on February 28, 2006, we reversed the trial court's decision and remanded the case back to the trial court, holding that the trial court was required to specifically identify which sentence was enhanced by Davis' habitual offender conviction and that the trial court lacked the authority to "order a presently indigent defendant to pay restitution based on possible future earnings or other speculative prospective wealth." *Davis v. State*, 843 N.E.2d 65, 68–69 (Ind.Ct.App.2006). On August 2, 2006, the trial court on remand conducted a hearing. As a result, Davis' habitual offender sentence was attached to his conviction on count one. Davis appealed, but we affirmed the trial court in our memorandum opinion of July 20, 2007.

On December 4, 2009, Davis filed another motion to correct erroneous sentence, asserting eight perceived mistakes with his sentence. On February 8, 2010, the trial court denied Davis' motion and, on the same day, Davis filed a motion for leave to amend his motion for erroneous sentence. In his motion for leave to amend, Davis added a new argument claiming that he was erroneously ordered to serve eight years for corrupt business influence. On February 26, 2010, the trial court denied Davis' motion for leave to amend.

Davis now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Davis now contends that the trial court erred when it denied his motion for leave to amend his motion to correct error. He bases his argument to amend his motion on Indiana Trial Rule 15(A), which allows a party "to amend his pleading once as a matter of course at any time before a responsive pleading is served[.]" Without deciding the specific applicability of Indiana Trial Rule 15(A), we note that the Indiana Rules of Trial Procedure are civil rules of procedure designed to apply to "suits of a civil nature," not to criminal proceedings such as this. Therefore, we affirm the trial court's decision denying Davis' motion for leave to amend.

Even assuming that Davis could amend his motion to correct error, his claim that he was erroneously sentenced is without merit. Davis asserts that he could not be convicted of corrupt business influence unless he was also convicted of one of the offenses specifically listed under I.C. § 35–45–6–1(e). As he was convicted of receiving stolen auto parts, I.C. § 35–43–4–2.5(c), which is not one of the enumerated offenses applicable to the corrupt business influence statute, he maintains that his conviction for it was erroneous.

A motion to correct erroneous sentence derives from Indiana Code section 35–38–1–15 which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence. *Gaddie v. State*, 566 N.E.2d 535, 537 (Ind. 1991). However, a motion to correct erro-

neous sentence may only be filed to address a sentence that is erroneous on its face. *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind.2008). When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter via post-conviction relief proceedings where applicable. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind.2004). In *Robinson*, our supreme court emphasized that a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction, and not from an abstract of judgment. *Id.* at 793–94. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence. *Id.* at 787.

■ Here, although Davis included an abstract of judgment in his appendix, he failed to submit the formal judgment of conviction as required under the premises proponed by *Robinson*. See *id.* at 793. In *Neff*, our supreme court acknowledged that Marion County, Indiana, does not historically issue judgments of conviction due to its very high volume of criminal cases. *Neff*, 888 N.E.2d at 1251. Because of this reason, the *Neff* court deemed a trial court's abstract of judgment an appropriate substitute for purposes of making the claim. *Id.* Davis' conviction, however, originated in Hendricks County, Indiana. While we are not familiar with Hendricks County's historical practices and case load, we will accept Davis' abstract of judgment in this case.

Nevertheless, we conclude that Davis' claim must fail. Davis' abstract of judg-

ment does not allow us to decide whether he was erroneously sentenced without at least looking at the charging information. Davis was convicted under I.C. § 35–45–6–2(2), corrupt business influence, which reads, in pertinent part that a person has a corrupt business influence when he "through a pattern of racketeering activity, knowingly or intentionally acquires or maintains, either directly or indirect, an interest in or control of property or an enterprise[.]" The charging information would explain how Davis would have acquired or maintained the interest or control of property. In that light, it is conceivable that the charging information did not reference the other charges of receiving stolen auto parts, but rather the more general statute of theft, I.C. § 35–43–4–2, and stolen property, I.C. § 35–43–4–2, which are enumerated in I.C. § 35–45–6–1 as activities which can amount to "racketeering activity."[1] Therefore, we conclude that the trial court properly denied Davis' motion for leave to amend his motion to correct error.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly sentenced Davis.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.

---

1. In an additional argument, Davis claims that his "convictions under counts 14 and 15 constitute one criminal episode." (Appellant's Br. pp. 7–8). This assertion would require consideration of the evidence presented at trial and thus definitely falls outside the "face of the sentencing judgment." *See Robinson*, 805 N.E.2d at 787.