**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**MICHAEL SIMS**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL SIMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  20A03-1203-CR-127 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen R. Bowers, Judge
Cause No.  20D02-9801-CF-1

**July 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Michael Sims appeals the trial court's denial of his motion to correct erroneous sentence.

We affirm.

## ISSUE

Whether the trial court erred in denying Sims' motion to correct erroneous sentence.

## FACTS

On March 13, 1989, Sims was convicted of attempted murder, a class A felony; rape while armed with a deadly weapon, a class A felony; and criminal confinement, a class B felony. The trial court sentenced Sims to fifty years on the attempted murder conviction, fifty years on the rape conviction, and twenty years on the confinement conviction. The trial court ordered that the sentences be served consecutively; therefore, the aggregate sentence was 120 years.

Sims' conviction and sentence were affirmed by a panel of this court in an unpublished memorandum decision. *Sims v. State*, No. 20A04-9212-CR-426 (Ind. Ct. App. August 5, 1993). Sims subsequently filed a petition for post-conviction relief in which he raised issues pertaining to admission of evidence and ineffective assistance of trial and appellate counsel. His petition was denied, and this court affirmed. *Sims v. State*, 771 N.E.2d 734, 742-43 (Ind. Ct. App. 2002), *trans. denied.*

2

Sims subsequently filed a motion to correct erroneous sentence, which was denied. On October 25, 2010, this court dismissed Sims' appeal of the denial with prejudice.

On February 16, 2012, Sims filed a second motion to correct erroneous sentence. The trial court denied this motion, and this appeal ensued.

## DECISION

A motion to correct erroneous sentence derives from Indiana Code section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence. *Davis v. State*, 937 N.E.2d 8, 10 (Ind. Ct. App. 2012), *trans. denied*. However, a motion to correct erroneous sentence "may only be filed to address a sentence that is erroneous on its face." *Id*. at 11. When a claim of sentencing error requires consideration of matters outside the face of the sentencing judgment, it is best addressed promptly on direct appeal and thereafter by post-conviction relief proceedings. *Id*. In *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004), our supreme court emphasized that a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of

3

conviction. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct erroneous sentence. *Id.*

Here, Sims failed to submit the formal judgment of conviction as required by *Robinson*. Therefore, it is impossible to ascertain whether Sims' sentence is erroneous on its face. Furthermore, Sims' motion to correct erroneous sentence raises issues regarding sentence enhancement and constitutionality of the sentencing process. These issues would require consideration of proceedings before, during, or after trial and may not be presented by way of a motion to correct erroneous sentence.

Based on the foregoing, we cannot conclude that the sentence imposed by the trial court is erroneous.

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.