**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 20 2012, 9:28 am

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JOHN CHUPP**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHN CHUPP, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A05-1206-CR-328 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
Cause No. CR82-81A (82002401)

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, John Chupp (Chupp), appeals the trial court's denial of his motion to correct erroneous sentence.

We affirm.

## ISSUE

Chupp raises one issue on appeal which we restate as: Whether the trial court properly denied his motion to correct erroneous sentence.

## FACTS AND PROCEDURAL HISTORY

For the recitation of the facts we rely on our supreme court's opinion in Chupp's direct appeal:

> At trial the evidence showed that L.M., a 72-year-old widow, was awakened around 11:30 p.m. on July 10, 1982 by three men who crashed through her bedroom door. They demanded to know where her money was kept, and she told them it was downstairs. One of the men found her purse but it contained only thirty-one dollars. To force her to reveal the location of the rest of her money, one of the men burned her hand with a cigarette lighter. L.M. tried to explain that she had just returned from vacation and that thirty-one dollars was all she had. One of the men directed the other two to ransack the house. The remaining man raped L.M. and then one of the men sodomized her.
>
> The men bound and gagged L.M. and finished searching the house. The victim was not found until noon the following day when her son-in-law discovered her. An ambulance transported her to a hospital where a medical examination revealed that L.M. had suffered bruises, lacerations, blisters, and swelling. She lost her purse with thirty-one dollars, her lock box containing personal papers and silver coins, and her maroon car.

*Chupp v. State*, 509 N.E.2d 835, 836 (Ind. 1987). Chupp was identified as one of the perpetrators. *Id*. On July 10, 1982, the State charged Chupp with burglary, a Class A felony; two Counts of rape, Class A felonies; two Counts of criminal

2

deviate conduct, Class A felonies; robbery, a Class A felony; and criminal confinement, a Class B felony. At the conclusion of Chupp's jury trial, he was found guilty of burglary, a Class A felony; robbery, a Class A felony; and criminal confinement, a Class B felony. The trial court sentenced Chupp to concurrent fifty-year sentences for each Class A felony and to twenty years for the Class B felony, to run consecutive to the Class A felonies, for an aggregate sentence of seventy years. After pursuing a direct appeal, Chupp's convictions and sentences were affirmed by our supreme court. *See id.*

On two separate occasions, Chupp filed a petition for post-conviction relief, each of which was withdrawn without prejudice. On April 24, 2007, Chupp filed a third petition for post-conviction relief, asserting newly discovered evidence and claiming that his sentence was erroneous because the robbery and burglary convictions were enhanced based on the same injuries. The post-conviction court denied his petition. On appeal, we denied most of Chupp's claims but concluded that the elevation of both the burglary and robbery count to Class A felonies was based on the same injuries and thus violated the principles of double jeopardy. *See Chupp v. State*, 933 N.E.2d 586,*5 (Ind. Ct. App. 2010) (unpublished opinion). We vacated Chupp's conviction for robbery as a Class A felony and directed the post-conviction court to enter judgment on the robbery conviction as a Class C felony and to resentence him accordingly. *See id*. at *10. On January 20, 2011, the trial court modified Chupp's Class A felony robbery conviction to a Class C felony, vacated the fifty year sentence and imposed an eight year sentence

3

to run concurrent to the fifty year sentence of the Class A felony burglary conviction, and consecutive to the twenty year sentence for the Class B felony criminal confinement, for an aggregate sentence of seventy years.

On June 13, 2012, Chupp filed a motion to correct erroneous sentence, alleging that his conviction for both robbery, a Class C felony, and criminal confinement, a Class B felony, violated the double jeopardy doctrine. The trial court denied Chupp's motion on the same day.

Chupp now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Chupp contends that the trial court abused its discretion by denying his motion to correct erroneous sentence. When reviewing a trial court's ruling on a motion to correct erroneous sentence, we defer to the trial court's factual findings and review its decision only for an abuse of discretion. *Newson v. State*, 851 N.E.2d 1287, 1289 (Ind. Ct. App. 2006). We review its legal conclusions *de novo*. *Id.*

Our supreme court discussed the legal significance of a motion to correct erroneous sentence at length in *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). In *Robinson*, the court noted that a motion to correct sentence derives from Indiana Code section 35-38-1-15 and its purpose is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence. *Id.* at 785. Such a motion may only be used to correct erroneous sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. *Id.* at 787. Claims that require consideration of the proceedings before,

4

during, or after trial may not be presented by way of a motion to correct sentence. *Id*. at 787.

Chupp relies on *Robinson* to support his argument that a double jeopardy claim can be addressed in a motion to correct erroneous sentence. However, Chupp mischaracterizes the *Robinson* court's holding. In analyzing the applicability of a motion to correct erroneous sentence, the court observed that it had in *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind. 2000) "addressed a double jeopardy claim presented by a motion to correct sentence." *Robinson*, 805 N.E.2d at 787. But, the *Robinson* court clearly rejected this approach in *Mitchell*, noting that "[u]se of the statutory motion to correct sentence should [] be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should henceforth be strictly applied, notwithstanding . . . *Mitchell*." *Id*.

Accordingly, when strictly construing the application of a motion to correct erroneous sentence, we must necessarily affirm the trial court's denial of Chupp's motion. A double jeopardy claim is a challenge to the validity of a defendant's conviction, not to the validity of a sentence. *See, e.g., Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002). In its review of a perceived double jeopardy violation, a court must analyze the elements of the offense and the evidence used to establish those elements. *See Richardson v. State*, 717 N.E.2d 32, 50-53 (Ind. 1999). It is clear that such a review would surpass the mere sentencing error that is clear from the face of the judgment and would require us to consider the charging information and proceedings during trial. We affirm the trial court.

## CONCLUSION

Based on the foregoing, we affirm the trial court's denial of Chupp's motion to correct erroneous sentence.

Affirmed.

BAKER, J. and BARNES, J. concur