## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2015, 9:40 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

---

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Marshall Barnes-Bey<br>New Castle, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Katherine Modesitt Cooper<br>Deputy Attorney General<br>Indianapolis, Indiana |

---

## I N  T H E
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Marshall Barnes-Bey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 6, 2015<br><br>Court of Appeals Case No.<br>45A03-1409-CR-313<br><br>Appeal from the Lake Superior Court<br><br>Honorable Samuel L. Cappas, Judge<br><br>Case No. 45G04-8810-CF-315 |

**Robb, Judge.**

# Case Summary and Issue

[1]     Marshall Barnes-Bey appeals from the denial of his Motion to Correct

Erroneous Sentence, raising one issue for review:  whether the trial court

abused its discretion in denying his motion to correct erroneous sentence. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History

In 1988, Barnes-Bey and an accomplice broke into a family home. Barnes-Bey forced the wife to perform oral sex on him and then raped her, with the children possibly in view and the husband able to hear. He then stole jewelry, money, and a shotgun before leaving the house.

Barnes-Bey was charged with Count 1, burglary, a Class B felony; Count 2, criminal deviate conduct, a Class A felony; and Count 3, rape, a Class A felony. A jury found him guilty of all three counts. The trial court ordered a sentence of forty years each for Count 2 and Count 3, to be served concurrently, and fifteen years for Count 1, to be served consecutively to Counts 2 and 3, resulting in an aggregate sentence of fifty-five years. Barnes-Bey's convictions and sentence were affirmed by this court on direct appeal. *See* Appendix at 29.

On July 21, 2014, Barnes-Bey filed a Motion to Correct Erroneous Sentence alleging the trial court lacked statutory authority to impose consecutive sentences. On July 24, 2014, the trial court denied that motion "for the reason that a motion to correct erroneous sentence may only be used to attack a sentence that is invalid on its face. The sentence in this case is not erroneous on its face." *Id.* at 6. Barnes-Bey now appeals the denial of his Motion to Correct Erroneous Sentence.

# Discussion and Decision

## I. Standard of Review

A defendant may file a motion to correct erroneous sentence pursuant to Indiana Code section 35-38-1-15:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of the statute "is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence." *Robinson v. State*, 805 N.E.2d 783, 785 (Ind. 2004) (citation omitted). It is an appropriate remedy only when the sentencing error is "clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id.* at 787. "Claims that require consideration of the proceeding before, during, or after trial may not be presented by way of a motion to correct sentence," *Davis v. State*, 937 N.E.2d 8, 11 (Ind. Ct. App. 2010), *trans. denied*, but should be addressed on direct appeal or through post-conviction relief, *Robinson*, 805 N.E.2d at 787. A motion to correct erroneous sentence is a narrow remedy, and a reviewing court will strictly apply the facially erroneous standard. *Id*.

# II. Authority to Impose Consecutive Sentences

A trial court must sentence a defendant within statutorily prescribed limits, and any sentence that is contrary to or violates the penalty mandated by statute is an illegal sentence subject to correction at any time. *Ben-Yisrayl v. State*, 908 N.E.2d 1223, 1228 (Ind. Ct. App. 2009), *trans. denied*. Barnes-Bey claims that his sentence is erroneous because the trial court exceeded its statutory authority in ordering him to serve consecutive sentences.

## A. Mandatory Consecutive Sentences

The trial court's authority to impose consecutive or concurrent sentences is found in Indiana Code section 35-50-1-2. Since Barnes-Bey committed his crimes in 1988, his sentence is governed by the statutes in effect at that time. *Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008). Indiana Code section 35-50-1-2 stated:

> (a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.
> (b) If, after being arrested for one (1) crime, a person commits another crime:
>> (1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or
>> (2) while the person is released:
>>> (A) upon the person's own recognizance; or
>>> (B) on bond;
> the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind. Code § 35-50-1-2 (1988).

[8] Barnes-Bey claims Indiana Code section 35-50-1-2(b) precluded the trial court from ordering consecutive sentences, asserting that he did not meet any of the prerequisites under subsection (b) at the time of his offenses. Whether he did or did not meet any of those conditions—and he has not provided a record sufficient for us to know—Barnes-Bey misreads the statute. Subsection (b) was merely an exception to the general authority under Indiana Code section 35-50-1-2(a) for the trial court to determine whether to order sentences to be served consecutively, not the exclusive means by which a trial court could impose consecutive sentences. In other words, if the conditions of subsection (b) were satisfied, the trial court *had* to impose consecutive sentences; in all other cases, the trial court *could* order consecutive sentences.

[9] The statute clearly placed discretion with the trial court to decide whether sentences for multiple crimes should be served as consecutive or concurrent terms unless subsection (b) mandated consecutive terms. The trial court had the authority to impose concurrent or consecutive sentences as long as the "determination was based upon the consideration of the facts of the specific crimes, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence." *Shippen v. State*, 477 N.E.2d 903, 905 (Ind. 1985). In reviewing a motion to correct erroneous sentence, however, we may not look into the reasons why the trial court imposed consecutive sentences as that would be looking beyond the face of the judgment. Because Barnes-Bey's sentence was within the authority granted to the trial court under Indiana Code section 35-

50-1-2(a) to impose consecutive sentences, the judgment is not erroneous on its face on this basis.

## B. Single Episode of Criminal Conduct

Barnes-Bey also claims that the court lacked statutory authority to impose consecutive sentences for his three felony convictions because they all arose from "a single episode of criminal conduct." Brief of Appellant at 8.

Although currently, Indiana Code section 35-50-1-2 limits the total of consecutive sentences in certain instances where multiple crimes arise out of an episode of criminal conduct, the statute as enacted at the time of Barnes-Bey's criminal proceedings did not include any such restriction. The statute was amended in 1994 "to impose a previously nonexistent limitation on a trial court's discretion to impose consecutive sentences." *Jennings vs. State*, 687 N.E.2d 621, 622 (Ind. Ct. App. 1997). Since Barnes-Bey was sentenced in 1989, the trial court could not have violated a restriction on consecutive sentencing that did not exist at the time. Moreover, we note that even if the limitation did apply, Barnes-Bey was convicted of crimes which are defined as crimes of violence and are therefore not subject to the limitation. Because the limitation does not apply to Barnes-Bey, the sentence is not facially erroneous for this reason.

# Conclusion

[12] The sentence was not clearly erroneous on its face as it was within the trial court's discretion to impose consecutive sentences under Indiana Code section 35-50-1-2. The trial court did not abuse its discretion in denying Barnes-Bey's motion to correct erroneous sentence.

[13] Affirmed.

Bailey, J., and Brown, J., concur.