## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2016, 6:55 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Dennis Hankins | Gregory F. Zoeller |
| Greencastle, Indiana | Attorney General of Indiana |
| | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis Hankins, | January 14, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 30A05-1502-CR-80 |
| v. | Appeal from the Hancock Superior Court |
| State of Indiana. | The Honorable Terry K. Snow, Judge |
| *Appellee-Plaintiff.* | Cause No. 30D01-1209-FC-1476 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Dennis Hankins (Hankins), appeals the trial court's denial of his motion to correct erroneous sentence.

We affirm.

## ISSUE

Hankins raises one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied Hankins' motion to correct erroneous sentence.

## FACTS AND PROCEDURAL HISTORY

On September 25, 2012, the State filed an Information charging Hankins with a Class C felony burglary; a Class A misdemeanor resisting law enforcement; a Class D felony resisting law enforcement; a Class A misdemeanor criminal recklessness; and a Class B misdemeanor criminal mischief. On March 7, 2013, the State amended the Information by adding an habitual offender enhancement. Four days later, Hankins filed a motion to dismiss the enhancement which was denied by the trial court after a hearing. On March 25 through March 27, 2013, the trial court conducted a jury trial. At the close of the evidence, the jury returned a guilty verdict on all charges including the habitual offender enhancement. The trial court sentenced Hankins to sixteen years and 180 days. Hankins appealed, asserting that there was insufficient evidence supporting his conviction for the Class C felony attempted burglary.

On March 18, 2014, we affirmed the trial court. *See Hankins v. State*, No. 30A01-1305-CR-234 (Ind. Ct. App. Mar. 18, 2014).

[5] On April 29, 2014, Hankins filed the first of three consecutive motions to correct erroneous sentence. The trial court denied his motion. On December 6, 2014 and February 10, 2014, respectively, Hankins filed his second and third motion to correct erroneous sentence. In these motions, Hankins alleged that his sentence was erroneous because the State amended its charging Information after the omnibus date. The trial court denied each motion.

[6] Hankins now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Hankins contends that the trial court abused its discretion by denying his motion to correct his erroneous sentence. Specifically, he alleges that because the State amended its Information by adding the habitual offender enhancement after the omnibus date in violation of Ind. Code § 35-34-1-5, the "enhancement portion of [his] conviction should be vacated." (Appellant's Br. p. 7).

[8] We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Myers v. State*, 718 N.E.2d 783, 789 (Ind. Ct. App. 1999).

[9] A motion to correct erroneous sentence derives from Indiana Code section 35-38-1-15, which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

The purpose of the statute is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence. *Davis v. State*, 937 N.E.2d 8, 10 (Ind. Ct. App. 2010), *trans. denied*. However, a motion to correct erroneous sentence may only be filed to address a sentence that is erroneous on its face. *Id*. at 10-11. When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, they are best addressed promptly on direct appeal and thereafter, via post-conviction relief proceedings where applicable. *Id*. at 11. In *Robinson*, our supreme court emphasized that a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction, and not from an abstract of judgment. *Robinson v. State*, 805 N.E.2d 783, 793-94 (Ind. 2004). Thus, claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct an erroneous sentence. *Id*. at 787.

[10] In light of these requirements, we conclude that Hankins' claim fails. Hankins' argument is based on the application of Indiana Code section 35-34-1-5(e)

(2012), which allows the State to add an habitual offender enhancement within ten days of the omnibus date or, with good cause, any time before trial. Accordingly, to prevail on his claim, Hankins would have to establish the omnibus date, the date the State filed its enhancement, and that the State lacked good cause. As none of this evidence can be derived from the formal judgment of conviction, we would have to consider the proceedings before trial, which we are not allowed to do with a motion to correct erroneous sentence. *See id*. Therefore, we affirm the trial court.

## CONCLUSION

[11] Based on the foregoing, we hold that the trial court did not abuse its discretion by denying Hankins' motion to correct erroneous sentence.

[12] Affirmed.

[13] Najam, J. and May, J. concur