## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 22 2017, 10:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT *PRO SE* | ATTORNEYS FOR APPELLEE |
|---|---|
| William H. Ellis, Sr. | Curtis T. Hill, Jr. |
| Michigan City, Indiana | Attorney General of Indiana |
| | |
| | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William H. Ellis, Sr., | March 22, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 02A05-1611-CR-2609 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, | The Honorable John F. Surbeck, Jr., Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 02D04-9505-CF-250 |

**Bradford, Judge.**

# Case Summary

[1]     Appellant-Defendant William H. Ellis, Sr. was convicted of murder, a felony, in 1996. He was subsequently sentenced to a sixty-year term of imprisonment in the Department of Correction ("DOC"). In October of 2016, Ellis filed a motion to correct an erroneous sentence, alleging that the trial court's 1996 judgment of conviction was facially deficient because it did not specify the amount of "good time" credit to which Ellis was entitled for the time he spent incarcerated prior to sentencing. The trial court denied Ellis's motion in an order dated October 21, 2016.

[2]     Ellis appeals from the denial of his motion to correct an erroneous sentence. Because we conclude that any error in the trial court's 1996 judgment of conviction is deemed to have been corrected by the presumption set forth by the Indiana Supreme Court in *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004), we affirm.

# Facts and Procedural History

[3]     Ellis was charged with murder, a felony, on May 15, 1995. He was subsequently found guilty and sentenced to a term of sixty years of imprisonment. On June 27, 1996, the trial court entered a judgement of conviction in which the trial court indicated that Ellis was "granted credit for 416 days served in jail." Appellant's App. Vol. II, p. 35. The judgment of

conviction did not specify the amount of good time credit to which Ellis was entitled for the time he spent incarcerated prior to sentencing.

[4] On October 17, 2016, Ellis filed a motion to correct an erroneous sentence. In this motion, Ellis asserted that his sentence was erroneous because the judgment of conviction entered by the trial court stated only that he was granted credit for the 416 days spent incarcerated prior to sentencing and did not specify the amount of good time credit to which he was entitled to receive for the time he spent incarcerated prior to sentencing. The trial court denied Ellis's motion in an order dated October 21, 2016. This appeal follows.

# Discussion and Decision

[5] Ellis contends on appeal that the trial court erred by denying his motion to correct an erroneous sentence, thus deferring the question of good time credit earned to the DOC. Specifically, Ellis argues that the trial court erred in denying his motion because the judgment of conviction entered by the trial court at the time of sentencing did not specify the amount of good time credit to which he was entitled for time spent incarcerated prior to sentencing. We disagree.

[6] It is undisputed that the version of Indiana Code section 35-38-3-2 that was in effect at the time Ellis was sentenced required that a judgment of conviction must include the amount of credit, including good time credit, earned for time spent in confinement before sentencing. *See* Ind. Code § 35-38-3-2(b)(4) (1986).

In an effort to facilitate the fair and expeditious resolution of appellate litigation arising from sentencing judgments, the Indiana Supreme Court adopted the following appellate presumption in *Robinson*:

> Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the [DOC] automatically to award the number of credit time days equal to the number of pre-sentence confinement days. In the event of any pre-sentence deprivation of credit time, the trial court must report it in the sentencing judgment. Because the omission of designation of the statutory credit time entitlement is thus corrected by this presumption, such omission may not be raised as an erroneous sentence.

805 N.E.2d at 792 (Ind. 2004) (footnote omitted).

[7] In this case, the trial court's judgement of conviction indicated that Ellis was "granted credit for 416 days served in jail." Appellant's App. Vol. II, p. 35. It did not report any deprivation of credit time. As such, the trial court's judgment of conviction is entitled to the *Robinson* presumption and any error contained therein is accordingly corrected by this presumption. *See Robinson*, 805 N.E.2d at 792; *Pettiford v. State*, 808 N.E.2d 134, 136 (Ind. Ct. App. 2004). The trial court, therefore, did not err in denying Ellis's motion to correct an erroneous sentence.

[8] The judgment of the trial court is affirmed.

Najam, J., and Riley, J., concur.