## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2019, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Roderick Bunnell
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Roderick Bunnell,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 30, 2019

Court of Appeals Case No.
19A-CR-864

Appeal from the Marion Superior Court

The Honorable Sheila A. Carlisle, Judge

Trial Court Cause No.
49G03-9807-PC-117604

**Barteau, Senior Judge.**

# Statement of the Case

[1] Roderick Bunnell appeals the denial of his motion to correct erroneous sentence. We affirm.

# Issue

[2] Bunnell raises one issue, which we restate as: whether the trial court erred in denying his motion to correct erroneous sentence.

# Facts and Procedural History

[3] A jury determined Bunnell was guilty of criminal deviate conduct, attempted rape, and criminal confinement. He was also determined to be an habitual offender. The trial court imposed a sentence of thirty years, with "140 days credit time." Appellant's App. Vol. 2, p. 6. Bunnell appealed, and a panel of this Court affirmed his convictions. *Bunnell v. State*, Case No. 49A02-9901-CR-26 (Ind. Ct. App. July 16, 1999), *trans. denied*.

[4] Next, Bunnell filed a petition for post-conviction relief, which he later withdrew. In 2005, 2006, and 2007, he filed motions for additional jail credit time, which the trial court denied. Also, in 2007, Bunnell filed a motion to correct erroneous sentence, which the trial court denied.

[5] In 2008, Bunnell filed another motion for additional jail credit time. The trial court ordered the State to file a response. The court denied Bunnell's motion after the State filed its response.

[6]     Bunnell later refiled his petition for post-conviction relief, and the parties submitted evidence by affidavit. On July 15, 2011, the post-conviction court denied Bunnell's petition.

[7]     In 2012, the Indiana Department of Correction ("DOC") released Bunnell to parole. He later violated the terms of his parole and was returned to the DOC. In 2015, Bunnell filed another motion for jail time credit, which the trial court denied.

[8]     Next, Bunnell filed with this Court a petition for leave to file a successive petition for post-conviction relief. A panel of this Court denied Bunnell's petition. *Bunnell v. State*, 49A02-1606-SP-1361 (Ind. Ct. App. July 18, 2016).

[9]     On February 16, 2018, Bunnell filed another petition for additional credit time. On March 14, 2018, the State filed a response in opposition and a motion for summary disposition. The trial court granted the State's request and summarily denied Bunnell's petition.

[10]    On March 14, 2019, Bunnell filed another motion to correct erroneous sentence, along with a supporting memorandum. The trial court denied Bunnell's motion on March 15, 2019. This appeal followed.

## Discussion and Decision

[11]    Bunnell argues the original sentencing court failed to award him all of the credit time to which he was entitled arising from his presentencing confinement. The

State responds that under the Indiana Supreme Court's precedent, Bunnell has failed to demonstrate reversible error.

[12] Motions to correct erroneous sentence are governed by Indiana Code section 35-38-1-15 (1983), which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[13] When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). The purpose of Indiana Code section 35-38-1-15 is to provide prompt, direct access to an uncomplicated legal process for correcting the occasional erroneous or illegal sentence. *Davis v. State*, 937 N.E.2d 8, 10 (Ind. Ct. App. 2010), *trans. denied*.

[14] A motion to correct erroneous sentence is "narrowly confined to claims apparent from the face of the sentencing judgment." *Robinson*, 805 N.E.2d at 787. "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* "An allegation by an inmate that the trial court has not included credit time earned in its sentencing is the type of claim appropriately advanced by a motion to correct sentence." *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008).

[15]     We review a trial court's ruling on a motion to correct erroneous sentence for an abuse of discretion. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). An abuse of discretion occurs when a trial court's decision is "clearly against the logic and effect of the facts and circumstances." *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997).

[16]     Bunnell argues the sentencing order is erroneous because, in addition to receiving 140 days for time spent in presentencing confinement, he was entitled to an additional day of credit time for each day he was jailed, and the order does not explicitly award an additional 140 credit days. The State does not dispute that Bunnell was entitled to the additional 140 days of good credit time. Instead, the State claims the Indiana Supreme Court's decision in *Robinson* disposes of Bunnell's claim. We agree.

[17]     In *Robinson*, a defendant claimed the trial court's sentencing order was erroneous because it failed "to separately include designation of both time served and the amount of credit time thus earned." 805 N.E.2d at 788. The Indiana Supreme Court, citing Indiana Code section 35-38-3-2, noted that trial courts are required to set forth the amount of credit time earned for presentencing confinement. The Court further stated many trial courts had failed to include credit time earned in their sentencing orders, perhaps due to "inconsistent . . . direction" from appellate courts. *Id.* at 792.

[18]     As a result, the Indiana Supreme Court clarified, "a trial court's sentencing judgment must include both days imprisoned before sentencing and the credit

time earned thereby, thus reflecting any credit time deprivation imposed before sentencing." *Id.* When a sentencing order sets forth days spent in presentence confinement but fails to mention credit time earned, the Indiana Supreme Court adopted the following appellate presumption: such an order "shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days." *Id.*

[19] A panel of this Court applied the *Robinson* presumption in *Pettiford v. State*, 808 N.E.2d 134 (Ind. Ct. App. 2004). In *Pettiford*, the sentencing order stated the number of days Pettiford had served in presentence confinement, but the order omitted the number of days of "good time credit." *Id.* at 135. Pettiford filed a motion to correct erroneous sentence, which the trial court denied. The Court of Appeals noted that, according to the holding in *Robinson*, courts presume an award of pre-sentence confinement time includes an equal number of credit time days. As a result, the sentencing judgment was correct, and the trial court did not err in denying Pettiford's motion to correct erroneous sentence.

[20] In Bunnell's case, applying the reasoning set forth in *Robinson* and *Pettiford*, we understand the original sentencing order as awarding an amount of good time credit equal to the number of days served in presentencing confinement. The sentencing order complies with statutory mandates and does not need to be corrected.

Bunnell further claims the DOC has erroneously failed to include 140 days of good time credit in calculating his earliest possible release date. That claim goes beyond the face of his sentencing order and may not be raised in a motion to correct erroneous sentence. The trial court did not abuse its discretion in denying Bunnell's motion to correct erroneous sentence.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Najam, J., and Altice, J., concur.