## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2020, 7:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Richard Dodd<br>Westville, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Benjamin J. Shoptaw<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Dodd,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | April 30, 2020<br><br>Court of Appeals Case No.<br>18A-CR-3126<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Elizabeth C.<br>Hurley, Judge<br><br>Trial Court Cause No.<br>71D08-9712-CF-550 |

**Mathias, Judge.**

[1] Richard Dodd, pro se, appeals the denial of his motion to correct erroneous sentence in the St. Joseph Superior Court. Dodd presents the issue of whether the trial court abused its discretion in denying the motion.

[2] We affirm.

## Facts and Procedural History

[3] Dodd committed the offenses underlying this appeal in December 1997. He was charged and convicted of Class A felony attempted murder and Class C felony burglary following a jury trial. Dodd was originally sentenced to the maximum term of fifty years for attempted murder and the maximum term of eight years for burglary, to be served consecutively based on the sentencing court's identification of multiple aggravating factors. On direct appeal, a panel of this Court upheld Dodd's convictions and sentence. *Dodd v. State*, No. 71A03-9809-CR-394 (Ind. Ct. App. July 23, 1999), *trans. denied*.

[4] A subsequent motion to correct erroneous sentence was denied by the trial court in 2006 and affirmed on appeal. *Dodd v. State*, No. 71A05-0605-PC-234 (Ind. Ct. App. May 9, 2007). Dodd filed a successive petition for post-conviction relief, and at the conclusion of a post-conviction relief hearing, the State conceded that Dodd's convictions were part of a single episode of criminal conduct for sentencing purposes under Indiana Code section 35-50-1-2. Accordingly, the post-conviction court determined that Dodd's consecutive sentences exceeded the maximum sentence permitted by statute and remanded the case for resentencing.

In November 2013, following a hearing, the resentencing court imposed consecutive sentences of fifty years for attempted murder and five years for burglary, the maximum sentence permitted for this episode of criminal conduct. Dodd appealed, alleging that the resentencing court abused its discretion by failing to consider mitigating factors. This Court found no abuse of discretion in Dodd's resentencing and affirmed his fifty-five-year sentence in 2014. *Dodd v. State*, No. 71A03-1312-CR-475 (Ind. Ct. App. July 29, 2014).

Dodd filed a motion to correct erroneous sentence on October 19, 2018, alleging that his fifty-five-year sentence exceeded the maximum sentence permitted by statute. The trial court denied Dodd's motion to correct erroneous sentence on December 12, 2018, writing in part:

> 2. In this case, the Defendant does not allege that the sentence itself is erroneous on its face. Instead, Defendant challenges the sentence, arguing that the sentence violates the law because he interprets the law to say that the Court had to sentence him to the advisory sentences for his offenses.

> 3. The Defendant requests relief that is not appropriate for a Motion to Correct Erroneous Sentence. Furthermore, the Defendant has litigated the issue of his sentence multiple times unsuccessfully. Most recently, the Indiana Court of Appeals found that he waived the issue in his successive Petition for Post-Conviction Relief, although added, via a footnote, the following:

>> Waiver notwithstanding, Dodd's claim is without merit because he has failed to meet his burden of showing that [resentencing] counsel rendered deficient performance or that he was prejudiced by counsel's failure to pursue the

issue in his resentencing appeal. *See Robertson v. State*, 871 N.E.2d 280, 285-86 (Ind. 2009) (explaining the application of Indiana Code § 35-50-2-1.3(c) and revealing the lack of merit in Dodd's argument that the statute required the resentencing court to impose an advisory term for each of his convictions). *Richard Dodd v. State of Indiana*, Court of Appeals case no. 71-A03-1702-PC-452, pg. 15 fn. 6.

Appellant's App. p. 9. Dodd now appeals.

## Discussion and Decision

[7] We review the denial of a motion to correct erroneous sentence for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* A defendant who believes that he has been erroneously sentenced may file a motion to correct an erroneous sentence, which are designed to provide a prompt and uncomplicated process to correct sentences. *Neff v. State*, 888 N.E.2d 1249, 1250–51 (Ind. 2008). Indiana Code section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[8] Motions made pursuant to Indiana Code section 35-38-1-15 may only be used to attack a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d

783, 786 (Ind. 2004). A sentence is defective on its face if it violates express statutory authority in effect at the time the sentence was pronounced. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, the alleged errors may only be attacked by direct appeal or, when appropriate, by petitions for post-conviction relief. *Robinson*, 805 N.E.2d at 787. "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

[9] Here, Dodd argues that the trial court abused its discretion in denying his motion because the resentencing court misinterpreted the applicable sentencing statute. Appellant's Br. at 6. The State argues that Dodd's motion to correct erroneous sentence is impermissible under *Robinson* because it is not a facial attack on the sentencing order, and thus the trial court did not abuse its discretion in denying his motion. We agree.

[10] Dodd contends that his fifty-five-year sentence was contrary to the statutory mandate of Indiana Code section 35-50-2-1.3(c)(1), which identifies the circumstances under which an advisory sentence must be imposed. Dodd argues that, under this statute, the resentencing court was required to have imposed the advisory terms for each of his convictions. Dodd's statutory challenge, however, involves his dispute with whether the offenses for which he was sentenced involved serious bodily injury or arose out of a single episode of criminal conduct. Appellant's Br. at 7. Such factors cannot be evaluated without looking at the facts and circumstances underlying Dodd's convictions,

which are beyond the face of the sentence itself and therefore unavailable for review as part of a motion to correct erroneous sentence. *See Davis v. State*, 937 N.E.2d 8, 11 n.1 (Ind. Ct. App. 2010), *trans. denied* (no abuse of discretion where defendant claimed that two convictions were one episode of criminal conduct because such claim required "consideration of the evidence presented at trial and thus definitely falls outside the 'face of the sentencing judgment.'") (quoting *Robinson*, 805 N.E.2d at 787). Therefore, Dodd is unable to raise this challenge to his sentence by means of a motion to correct erroneous sentence, and the trial court did not abuse its discretion in denying the motion.

## Conclusion

[11] Accordingly, we hold that the trial court properly denied Dodd's motion to correct erroneous sentence.

[12] Affirmed.

Riley, J., and Tavitas, J., concur.