

FILED

Apr 14 2015, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Paul D. Woodcox
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul D. Woodcox,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 14, 2015

Court of Appeals Case No.
15A05-1410-CR-468

Appeal from the Dearborn Circuit
Court.

The Honorable John A. Westhafer,
Special Judge.

Cause No. 15C01-8901-CF-3

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Paul D. Woodcox (Woodcox), appeals the trial court's denial of his Motion to Correct Erroneous Sentence.

We affirm but remand with instructions to correct a clerical error.

## ISSUE

Woodcox raises one issue on appeal, which we restate as follows:  Whether the trial court abused its discretion in denying Woodcox's Motion to Correct Erroneous Sentence.

## FACTS AND PROCEDURAL HISTORY

On July 21, 1989, a jury found Woodcox guilty of rape, a Class A felony, Ind. Code § 35-42-4-1 (1988); attempted murder, a Class A felony, I.C. §§ 35-41-5-1(a); -42-1-1 (1988); and criminal confinement, a Class B felony, I.C. § 35-42-3-3 (1988).  The jury also found Woodcox to be a habitual offender.  I.C. §35-50-2-8 (1988).  On August 14, 1989, the trial court sentenced Woodcox to consecutive terms of fifty years for rape; fifty years for attempted murder, enhanced by thirty years for being a habitual offender; and twenty years for criminal confinement, resulting in an aggregate sentence of 150 years.

Woodcox subsequently filed a direct appeal with the Indiana Supreme Court, which affirmed his conviction for Class A felony rape and Class B felony criminal confinement, as well as his habitual offender adjudication.  *See*

*Woodcox v. State*, 591 N.E.2d 1019, 1021 (Ind. 1992). Woodcox's attempted murder conviction was reversed and remanded for a new trial. *See id.* Following the reversal of Woodcox's attempted murder conviction, on November 23, 1992, the trial court re-sentenced Woodcox by tacking the thirty-year habitual offender enhancement onto his fifty-year sentence for rape. As revised, Woodcox received an aggregate 100-year sentence.

[6] Woodcox later filed a petition for post-conviction relief, and our court affirmed his conviction on November 26, 1997. *See Woodcox v. State*, No. 15A04-9612-PC-495 (Ind. Ct. App. Nov. 26, 1997), *trans. denied*. Nearly twenty-five years after the imposition of his original sentence, on July 28, 2014, Woodcox filed a Motion to Correct Erroneous Sentence. The State objected, and on September 8, 2014, the trial court summarily denied Woodcox's motion.

[7] Woodcox now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Woodcox claims that the trial court erred in denying his Motion to Correct Erroneous Sentence. Our court reviews a trial court's ruling on a motion to correct sentence only for an abuse of discretion. *Fry v. State*, 939 N.E.2d 687, 689 (Ind. Ct. App. 2010). We will find an abuse of discretion if "the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.* While we defer to the trial court's factual determinations, we review legal conclusions *de novo*. *Id.*

[9]    With respect to a sentencing error, "it is in the best interests of all concerned that it be immediately discovered and corrected." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). In general, a motion to correct error under Indiana Trial Rule 59 or a direct appeal are the best options for remedying an erroneous sentence. *Id.* Thereafter, a petition for post-conviction relief may be filed on any claims that have been properly preserved. *Id.* Here, Woodcox concedes that he failed to challenge the propriety of his sentence both in his direct appeal and in his post-conviction relief petition. Nevertheless, regardless of the fact that more than two decades have passed since Woodcox was sentenced, Indiana law provides an alternate remedy to correct an erroneous sentence. *See id.* at 788. If a "convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person." I.C. § 35-38-1-15.

[10]   As determined by our supreme court, a motion to correct sentence under Indiana Code section 35-38-1-15 is appropriate only for "sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson*, 805 N.E.2d at 787. A sentencing error that requires examination of matters beyond the face of the sentencing judgment is better suited for resolution on direct appeal and post-conviction relief. *Id.* Accordingly, "[c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* A sentence is defective on its face "if it violates express statutory authority at the time the sentence is pronounced, as when the sentence falls

outside the statutory parameters for the particular offense or is based on an erroneous interpretation of a penalty provision." *Pettiford v. State*, 808 N.E.2d 134, 136 (Ind. Ct. App. 2004).

[11] On appeal, Woodcox has provided our court with the trial court's written sentencing order and the abstract of judgment.[1] "The remedy of a motion to correct sentence arising from Indiana Code [section] 35-38-1-15 speaks only in terms of 'sentence,' not 'judgment of conviction.'" *Robinson*, 805 N.E.2d at 794. As such, "a motion to correct an erroneous sentence may only arise out of information contained on the formal judgment of conviction." *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012) (quoting *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008)). "It is the court's judgment of conviction and not the abstract of judgment that is the official trial court record and which thereafter is the controlling document." *Robinson*, 805 N.E.2d at 794.

[12] In the instant case, the face of the trial court's written sentencing order appears to include the necessary information to qualify as the judgment of conviction. *See* I.C. § 35-38-3-2 (requiring a judgment to identify, in part, the crime for which the offender "is adjudged guilty"; the classification of the offense, and

---

[1] Because Woodcox has submitted only "a sentencing order and abstracts of judgment, and his own self-serving statements," the State contends that he has waived his right to appellate review by failing "to provide an adequate record." (State's Br. p. 7). Specifically, the State argues that "[w]ithout proper documentary support, no determination can be made whether the trial court abused its discretion." (State's Br. p. 7). For a motion to correct sentence, our review is confined to the formal judgment of conviction and applicable statutory authority. *See Fulkrod v. State*, 855 N.E.2d 1064, 1066 (Ind. Ct. App. 2006). As other documents are immaterial to resolution, we find no waiver. We do, however, note that Woodcox's handwritten brief scarcely satisfies the requirement that it be legible. *See* Ind. Appellate Rule 40(D)(2).

the amount of credit time earned). In particular, the sentencing judgment states that Woodcox was

> found guilty by a Jury of twelve (12) persons on the 21st day of July, 1989, and the [c]ourt having entered Judgment [o]f Conviction for the crime of Attempted Murder, a Class A Felony, Rape, a Class B Felony, Confinement, a Class B Felony and Habitual Offender . . . now sentences [Woodcox] as follows:
> [Woodcox] is hereby:
> * * * *
> sentenced for a period of thirty (30) years with twenty (20) years added for aggravating circumstances under Count II, Rape.

(Appellant's App. p. 8). Woodcox contends that the sentence is erroneous on its face because his fifty-year sentence for rape exceeds the statutory maximum for a Class B felony, which is twenty years.

[13] Looking to the relevant statutory authority, we find that the crime of rape is generally classified as a Class B felony; however, it may be elevated to a Class A felony "if it is committed by using or threatening the use of deadly force, if it is committed while armed with a deadly weapon, or if it results in serious bodily injury to any person other than a defendant." I.C. § 35-42-4-1(a) (1988). Under the law in effect at the time Woodcox committed his crime, the sentence for a Class A felony was "a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." I.C. § 35-50-2-4 (1988). On the other hand, a Class B felony required imprisonment "for a fixed term of ten (10) years, with not more than ten (10) years added for aggravating

circumstances or not more than four (4) years subtracted for mitigating circumstances." I.C. § 35-50-2-5 (1988).

[14] At first glance, it appears that the sentencing judgment is facially defective. Woodcox's fifty-year sentence is permissible only if he was convicted of rape as a Class A felony, but the written sentencing order states that judgment of conviction was entered as a Class B felony. Clearly, the imposition of a fifty-year sentence for a Class B felony exceeds the statutory maximum of twenty years. *See* I.C. § 35-50-2-5 (1988). However, while a correction is warranted, we do not find that the error in the sentencing judgment is the type contemplated by Indiana Code section 35-38-1-15.

[15] Indiana Code section 35-38-1-15 enables courts "to encourage conservation of judicial time and energy while at the same time affording speedy and efficient *justice* to those convicted of a crime." *Robinson*, 805 N.E.2d at 787 (emphasis added). Here, despite the face of the sentencing judgment, it would actually be contrary to the interests of *justice* to find that Woodcox's sentence for rape should be corrected to a term of twenty years. This is not a case that can be resolved by considering only the sentencing judgment and relevant statutes because Woodcox's claim under Indiana Code section 35-38-1-15 is nothing more than a manipulative attempt to excise thirty years from his sentence. Although Woodcox carefully omitted from the appellate record any documents which might indicate that he was convicted of a Class A felony rather than a Class B felony rape, he cited to the unchallenged supreme court opinion that affirmed his rape conviction as a *Class A felony*. *See Woodcox*, 591 N.E.2d at

1021. Notwithstanding the Class B felony notation in the judgment of conviction, Woodcox was actually convicted of Class A felony rape.

[16] In *Coppock v. State*, 480 N.E.2d 941, 946 (Ind. 1985), our supreme court resolved that the trial court's "function was to pronounce *legal* sentence pursuant to the jury's verdict." Similar to the case at hand, the defendant in *Coppock* was charged with, found guilty of, and sentenced for Class B felonies, but the trial court erroneously entered judgment on Class C felonies. *Id.* at 945-46. Because "[t]he mistake was merely one of form[,]" the supreme court found no error in the sentence and held that the entry of judgment was "deemed corrected to conform to the verdict." *Id.* at 946.[2] *See also Beliles v. State*, 663 N.E.2d 1168, 1173 (Ind. Ct. App. 1996) (finding that the trial court was not bound by the procedure of Indiana Code section 35-38-1-15 to correct a clerical error in the judgment so that it would reflect "the sentence that should have been imposed under the plea agreement").

[17] The judgment of conviction is the document that "memorializes a defendant's conviction, the crime, and the terms of the sentence." 24 C.J.S. *Criminal Law* § 1995 (2015). By law, the judgment of conviction must include the crime for which the defendant was "adjudged guilty." I.C. § 35-38-3-2. In distinction, the "entry of judgment" is "a ministerial act of the clerk." 24 C.J.S. *Criminal*

---

2 In reaching its decision, the *Coppock* court relied on Indiana Appellate Rule 15(E), which then provided that a defect in form did not constitute grounds for reversal. *Coppock*, 480 N.E.2d at 946. Although this rule has since been abolished, we nonetheless find that the supreme court's rationale is instructive in this case.

*Law* § 1995 (2015). In the present case, Woodcox was adjudged guilty of a Class A felony—which merits a fifty-year sentence, but the entry of judgment mistakenly refers to a Class B felony. Thus, it is an error of form rather than substance. If we were to hold that Indiana Code section 35-38-1-15 requires correction of Woodcox's *sentence* when the error is in the *entry* of the judgment of conviction, Woodcox would receive a sentencing windfall based on a clerical error—*i.e.*, he would get the benefit of a Class B felony sentence on a Class A felony conviction. The interests of justice demand that he serve the sentence for the Class A felony that he committed. Therefore, we find the appropriate remedy is to remand with instructions for the trial court to make a *nunc pro tunc* correction of the clerical error contained in both the sentencing judgment and the abstract of judgment to accurately reflect that Woodcox was convicted of Class A felony rape, for which he was properly sentenced.

## CONCLUSION

[18] Based on the foregoing, we conclude that the trial court did not err in denying Woodcox's Motion to Correct Erroneous Sentence. We affirm his fifty-year sentence, enhanced by thirty years, for Class A felony rape. However, we must remand with instructions for the trial court to correct the sentencing judgment (judgment of conviction) and the abstract of judgment to reflect that Woodcox was convicted of rape as a Class A felony.

[19] Affirmed, but remanded with instructions to correct a clerical error.

[20] Bailey, J. and Barnes, J. concur