## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2015, 6:25 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Anthony W. Taylor-El
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony W. Taylor-El,[1]

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 27, 2015

Court of Appeals Case No.
49A05-1411-CR-538

Appeal from the Marion Superior Court

The Honorable Amy J. Barbar, Magistrate

Cause No. 49G02-9007-CF-91378

**Kirsch, Judge.**

[1] Anthony W. Taylor-El was convicted of two Class B felonies and one Class D felony, and was adjudicated a habitual offender. The sentencing court imposed

---

[1] At the time of his 1991 trial, the defendant's name was "Anthony W. Taylor." *Appellant's App.* at 24-27.

an aggregate executed sentence of thirty years. More than twenty years later, Taylor-El filed a motion to correct erroneous sentence, contending that the trial court failed to specify the conviction to which his habitual offender enhancement was attached. On appeal, Taylor-El raises three issues, which we consolidate and restate as whether the trial court erred in denying his motion to correct erroneous sentence. Because Taylor-El's abstract of judgment reveals that the habitual offender enhancement was attached to the burglary conviction, we affirm.[2]

## Facts and Procedural History

[2] Following a jury trial, Taylor-El was convicted of Class B felony burglary, Class B felony rape, Class D felony criminal confinement, and was found to be a habitual offender. During his sentencing hearing, held on March 13, 1991, the sentencing court addressed Taylor-El as follows:

> Okay, at this time, sir, as to Burglary, as a Class B felony, I am going to sentence you to ten (10) years in the Indiana Department of Correction[]. As to Rape, a Class B felony, I'm going to sentence you to ten (10) years . . . . As to Confinement, as a Class D felony, I'm going to sentence you to one and one-half (1½) years . . . . I am going to run those sentences concurrently . . . okay, that means together. As far as the finding of Habitual Offender, I'm going to, pursuant to statute, enhance the sentence by twenty (20) years. That, I believe, has

---

[2] Taylor-El also raised the issue of whether his "fully served sentences for Burglary, Rape and Confinement can be the subject of re-sentencing." *Appellant's Br.* at 1. Because we are affirming the denial of his motion to correct erroneous sentence, we need not address this issue.

to run consecutively, under the law, sir . . . which I believe then, gives you a total sentence of thirty (30) years.[3]

*Appellant's App*. at 49-50.

[3] Relying on the sentencing court's oral remarks, Taylor-El filed a motion to correct erroneous sentence on October 17, 2014, claiming that his sentence was erroneous on its face because the sentencing court's oral statement failed to attach the habitual offender enhancement to a specific conviction. Taylor-El argued that this error required the trial court "to correct the sentence as it regards the habitual offender status." *Appellant's App.* at 15. About ten days later, the trial court summarily denied the motion, noting in pertinent part that this was not a "facially deficient issue." *Id.* at 12. Taylor-El now appeals.

## Discussion and Decision

[4] Taylor-El claims that the trial court erred in denying his motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. While we defer to the trial court's factual determinations, we

---

[3] For clarification, we note that the State was mistaken in asserting that Taylor-El was sentenced to thirty years for the burglary, enhanced by twenty years for the habitual offender finding, for an aggregate sentence of fifty years. *Appellee's Br*. at 2.

review legal conclusions *de novo*. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015), *trans. denied*.

[5]     Our court has said that it is in the best interests of all concerned that a sentencing error be immediately discovered and corrected. *Robinson v. State,* 805 N.E.2d 783, 786 (Ind. 2004); *Woodcox,* 30 N.E.3d at 750-51. "In general, a motion to correct error under Indiana Trial Rule 59 or a direct appeal are the best options for remedying an erroneous sentence." *Woodcox*, 30 N.E.3d at 751. "Thereafter, a petition for post-conviction relief may be filed on any claims that have been properly preserved." *Id.* Nevertheless, regardless of the fact that more than two decades have passed since Taylor-El was sentenced, "Indiana law provides an alternate remedy to correct an erroneous sentence" pursuant to Indiana Code section 35-38-1-15.[4] *Id.*

[6]     A motion to correct sentence under Indiana Code section 35-38-1-15 is appropriate for "sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id*. (citing *Robinson,* 805 N.E.2d at 787). A sentence is defective on its face if it violates express statutory authority at the time the sentence is pronounced, as when the sentence

---

[4] Indiana Code section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

fails to show the conviction to which the habitual offender finding is attached. *See Bauer v. State*, 875 N.E.2d 744, 747 (Ind. Ct. App. 2007) (case remanded to trial court with instructions to show habitual offender finding is attached to and enhances specific conviction), *trans. denied*.

[7] Here, there appears to be a discrepancy between the oral sentencing statement, which does not specify which conviction is being enhanced by the habitual offender finding, and Taylor-El's written abstract of judgment, which provided, "COUNT ONE ENHANCED BY 20 YEARS AS DEFENDANT BEING PROVEN AN HABITUAL OFFENDER." *Appellant's App*. at 57.

[8] Our Supreme Court has said, "As a general rule, when we are faced with a discrepancy between a sentencing order and an abstract of judgment, we conclude that the sentencing statement rather than the abstract of judgment controls." *McElroy v. State*, 865 N.E.2d 584, 588 (Ind. 2007). This is so because an abstract of judgment is a "'form issued by the Department of Correction and completed by trial judges for the convenience of the Department.'" *Id*. (quoting *Robinson*, 805 N.E.2d at 792). "In contrast, a valid written judgment meets the statutory criteria of Indiana Code section 35-38-3-2." *Id*. at 588-89.

[9] That being said, our Supreme Court has recognized that "Marion County historically has not issued the judgment of conviction and sentence referred to in I.C. § 35-38-3-2." *Alexander v. State*, 4 N.E.3d 1169, 1170 n.2 (Ind. 2014) (citing *Neff v. State*, 888 N.E.2d 1249, 1251 (Ind. 2008)). Therefore, when a defendant, like Taylor-El, "files a motion to correct an erroneous sentence in a

county that does not issue judgments of conviction[,] . . . the trial court's abstract of judgment will serve as an appropriate substitute for purposes of making the claim." *Neff*, 888 N.E.2d at 1251.

[10] Taylor-El fails to cite to the abstract of judgment, which clearly sets forth that the habitual offender enhancement was attached to the burglary conviction. *Appellant's App.* at 57. The abstract of judgment, on its face, reveals no error in Taylor-El's sentencing. Furthermore, Taylor-El's claim of erroneous sentence arising from the oral sentencing statement—a claim that would require examination of matters beyond the face of the abstract of judgment—"must be addressed via direct appeal or post-conviction relief."[5] *Neff*, 888 N.E.2d at 1251; *see Robinson*, 805 N.E.2d at 787 (Supreme Court held "that a motion to correct sentence may only be used to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority. Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence.") The trial court did not abuse its discretion when it denied Taylor-El's motion to correct erroneous sentence.

[11] Affirmed.

---

[5] The trial court also denied Taylor-El's motion to correct erroneous sentence because it had "Previously been adjudicated in a PCR." *Appellant's App*. at 12. Taylor-El does not address this contention in his brief, and we find nothing in the record before us relating to a post-conviction proceeding. That being said, the result of Taylor-El's claim would be the same—his sentence would not be changed.

Vaidik, C.J., and Bradford, J., concur.