## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2015, 9:38 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Kenneth George Wolfe
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth George Wolfe, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 31, 2015 <br><br> Court of Appeals Case No. 49A02-1504-CR-219 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Sheila A. Carlisle, Judge <br> The Honorable Stanley E. Kroh, Magistrate <br><br> Cause No. CR85-269C |

**Kirsch, Judge.**

[1] Kenneth George Wolfe filed a motion to correct erroneous sentence, contending that the sentences for his five attempted murder convictions could not be served consecutively because the convictions arose from a single episode

of criminal conduct pursuant to Indiana Code section 35-50-1-2, and attempted murder was not, at the time of sentencing, defined as a "crime of violence." Wolfe appeals, pro se, contending that the trial court erred in denying his motion.[1]

[2]   We affirm.

## Facts and Procedural History

[3]   Following a jury trial, Wolfe was convicted of five counts of attempted murder, each as a Class A felony, and one count of carrying a handgun without a license, as a Class A misdemeanor, and was adjudicated a habitual offender. On July 8, 1986, Wolfe received an aggravated sentence of fifty years for each attempted murder conviction—one of which was enhanced by thirty years because of his habitual offender status—and a sentence of one year for the handgun violation, all sentences to be served consecutively. The Indiana Supreme Court affirmed Wolfe's convictions and concluded that his 281-year sentence was not "manifestly unreasonable in light of the nature of the offense

---

[1] Indiana Appellate Rule 46(A)(4) requires that an appellant's brief contain a statement of issues, which "shall concisely and particularly describe each issue presented for review." Wolfe has failed to set forth an issue statement; however, we proceed with the understanding that he is appealing the denial of his motion to correct erroneous sentence.

and the character of the offender."[2] *Wolfe v. State*, 562 N.E.2d 414, 417 (Ind. 1990).

[4] On March 4, 2015, Wolfe filed a motion to correct erroneous sentence, arguing:

> Counts I through VI were closely connected in time, place and circumstance, constituting a single episode of criminal conduct within the meaning of I.C. 35-50-1-2(b). I.C. 35-50-1-2(c) limits a trial court's ability to impose consecutive sentences if the convictions are not "*crimes of violence*" and the convictions arise out of a single "*episode of criminal conduct*." If both of these circumstances exist, then the total executed term is limited to the presumptive sentence of the next higher class of felony. Attempted murder was not classified as a crime of violence at the time that Wolfe committed his crimes [in 1985] . . .[3]

*Appellant's App.* at 13 (emphasis in original). At the time of sentencing, the next highest crime, murder, had a "presumptive" sentence of forty years.[4] Wolfe argued that "consecutive sentences for Attempted Murder violated the statute limiting consecutive sentences for crimes not classified as '*crimes of violence*' which occurred during a '*single episode of criminal conduct*.'" *Id.* at 15 (emphasis in original). He maintained that since Indiana Code section 35-50-1-2 limited his sentence to seventy years—forty for the attempted murder convictions plus a

---

[2] Subsequent to Wolfe's appeal, the standard for an appellate court's review of a sentence changed from whether the sentence was manifestly unreasonable to whether the sentence was "inappropriate" in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B).

[3] It is not clear to which version of Indiana Code section 35-50-1-2 Wolfe is citing; however, it must be a version enacted after July 1, 1995—the date subsection (c) was added to the statute—and before July 1, 2001—the date attempted murder was added as a crime of violence. *See* Pub. L. No. 304-1995, § 1; Pub. L. No. 228-2001, § 6.

[4] The word "presumptive" was changed to "advisory" in April 2005. *See Weaver v. State*, 845 N.E.2d 1066, 1070 (Ind. Ct. App. 2006) (legislature responded to *Blakely v. Washington*, 542 U.S. 296(2004) by amending sentencing statutes to replace "presumptive" with "advisory"), *trans. denied*.

thirty-year enhancement for the habitual offender finding—his sentence of 281 years was erroneous on its face.  *Id.*at 13.

The trial court denied Wolfe's motion on March 10, 2015, stating:

> 2.  In *Robinson v. State,* 805 N.E.2d 783, 788 (Ind. 2004), the Indiana Supreme Court determined that "When a motion to correct sentence presents a claim that may be resolved by considering only the face of the judgment and the applicable statutory authority without reference to other matter [sic] such a motion may be expeditiously considered and corrections made without invoking post-conviction proceedings." However, "[a]s to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy.  Such claims may be raised only on direct appeal and, where appropriate, by post-conviction proceedings."  *Id.*  Petitioner has not followed the correct procedural path here.
>
> 3.  Defendant raises claims that go beyond the face of the sentencing order and judgment; these claims can only be addressed by post-conviction proceedings.  If Defendant has previously litigated a PCR to final judgment in this cause he would be required to obtain permission from the Indiana Court of Appeals to file a successive PCR under the Indiana Rules for Post-Conviction Remedies.

*Id.* at 26.

On March 27, 2015, Wolfe filed a motion to correct error regarding the denial of his motion to correct erroneous sentence.  That same day, the trial court denied Wolfe's motion to correct error.  *Id.* at 28.  Wolfe now appeals.

# Discussion and Decision

We begin by noting that, technically, this case comes to us as an appeal from the denial of a motion to correct error following the trial court's denial of Wolfe's motion to correct erroneous sentence.  On appeal, however, Wolfe

contends that the trial court erred in denying his motion to correct erroneous sentence. Because we reach the same conclusion regardless of the path, we follow Wolfe's lead and address his claim that the trial court erred by denying his motion to correct erroneous sentence. We review a trial court's decision on a motion to correct erroneous sentence for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* While we defer to the trial court's factual determinations, we review legal conclusions *de novo*. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015).

[8] Our court has said that it is in the best interests of all concerned that a sentencing error be immediately discovered and corrected. *Id.* at 750-51. "In general, a motion to correct error under Indiana Trial Rule 59 or a direct appeal are the best options for remedying an erroneous sentence." *Id.* at 751. "Thereafter, a petition for post-conviction relief may be filed on any claims that have been properly preserved." *Id.* However, "Indiana law provides an alternate remedy to correct an erroneous sentence" pursuant to Indiana Code section 35-38-1-15, which provides in part that if a "convicted person is erroneously sentenced, the mistake does not render the sentence void. The

sentence shall be corrected after written notice is given to the convicted person." *Id.* (citing I.C. § 35-38-1-15).[5]

[9] Almost twenty-nine years after he was sentenced, Wolfe filed a motion to correct erroneous sentence, arguing that a later-enacted version of Indiana Code section 35-50-1-2 applied to limit his sentence. The trial court denied Wolfe's motion to correct erroneous sentence, concluding that his "claims go beyond the face of the sentencing order," and, as such, the motion to correct erroneous sentence was the "improper remedy." *Appellant's App.* at 26 (citing *Robinson*, 805 N.E.2d at 788). We agree.

[10] While a motion to correct erroneous sentence is available as an alternate remedy to cure a sentencing error, our Supreme Court has repeatedly cautioned that such motion is appropriate only when the sentence is "erroneous on its face." *Robinson*, 805 N.E.2d at 786 (citations omitted). "Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.* at 787. Here, to succeed on his claim, Wolfe had to establish: (1) that the amended statute applied retroactively; and (2) that from the face of the judgment, it could be determined

---

[5] Indiana Code section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

that his crimes constituted a single episode of criminal conduct. Wolfe contends that "it is beyond dispute that [his] crimes were closely connected in time, place and circumstance, constituting a single '*episode of criminal conduct*'" within the meaning of that statute. *Appellant's App.* at 8-9 (emphasis in original).

[11] Assuming without deciding that Indiana Code section 35-50-1-2, as amended, is applicable to Wolfe's sentence, his claim of erroneous sentence still fails for lack of proof that his crimes constituted a single episode of criminal conduct. "The term 'episode of criminal conduct' means offenses or a connected series of offenses that are closely related in time, place, and circumstance." *Slone v. State*, 11 N.E.3d 969, 972 (Ind. Ct. App. 2014) (quoting Ind. Code § 35-50-1-2(b)).

> In determining whether multiple offenses constitute an episode of criminal conduct, the focus is on the timing of the offenses and the simultaneous and contemporaneous nature, if any, of the crimes. Additional guidance on the question can be obtained by considering whether the alleged conduct was so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge.

*Williams v. State,* 891 N.E.2d 621, 631 (Ind. Ct. App. 2008) (citations omitted) (internal quotation marks omitted). "Whether certain offenses constitute a single episode of criminal conduct is a fact-intensive inquiry to be determined by the trial court." *Slone*, 11 N.E.3d at 972 (quoting *Schlichter v. State,* 779 N.E.2d 1155, 1157 (Ind. 2002) (internal quotation marks omitted). A determination of whether crimes constitute a single episode of criminal

conduct, therefore, cannot be reached without looking beyond the face of the judgment.

[12] Wolfe's claim that his crimes constitute a single episode of criminal conduct, therefore, was not properly presented by way of a motion to correct erroneous sentence. Accordingly, the trial court did not abuse its discretion by denying Wolfe's motion. *See Jackson v. State,* 806 N.E.2d 773, 774 (Ind. 2004) (holding that trial court properly denied defendant's motion to correct erroneous sentence and noting that motion to correct erroneous sentence is available only to correct sentencing errors clear from face of the judgment); *Bauer v. State,* 875 N.E.2d 744, 746 (Ind. Ct. App. 2007) (noting that defendant's claims required consideration of matters beyond face of the judgment; accordingly, they are not claims that can properly be presented in motion to correct erroneous sentence), *trans. denied*.

[13] Affirmed.

Vaidik, C.J., and Bradford, J., concur.