## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2016, 7:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael Becker
New Castle Correctional Facility
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Becker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 25, 2016

Court of Appeals Case No.
71A04-1510-CR-1565

Appeal from the St. Joseph
Superior Court

The Honorable Jerome Frese,
Judge

Trial Court Cause No.
71D03-0606-FA-27

**Crone, Judge.**

[1]     Michael Becker, pro se, appeals the denial of his motion to correct erroneous sentence. Finding no error, we affirm.

[2]     Following Becker's guilty plea to class B felony child molesting, the trial court sentenced him to a term of eighteen years, with twelve years suspended to probation. Becker served his executed term and was released to probation. The State filed a notice of probation violation, a hearing was held, and Becker admitted to the violation. At the dispositional hearing, the trial court stated that it was not revoking Becker's probation but ordered him to serve the remainder of his sentence at the Indiana Department of Correction ("DOC") as a condition of his probation. Becker filed a motion to correct erroneous sentence, which the trial court denied. Becker appeals.

[3]     Becker argues that the trial court erred by ordering him to serve the remainder of his sentence at the DOC as a condition of his probation. We review a trial court's ruling on a motion to correct sentence for an abuse of discretion. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). A trial court abuses its discretion if its decision is against the logic and effect of the facts and circumstances before it. *Id*. A motion to correct erroneous sentence under Indiana Code Section 35-38-1-15 is appropriate only for "sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Therefore, we will not review any of Becker's claims that address matters beyond whether the judgment is facially erroneous.

[4] Indiana Code Section 35-38-2-2.3(c) states, "As a condition of probation, the court may require that the person serve a term of imprisonment in an appropriate facility at the time or intervals (consecutive or intermittent) within the period of probation the court determines."  This Court has previously determined that a trial court may suspend a sentence, place a defendant on probation, and then order, as a condition of probation, the defendant to serve a consecutive period of imprisonment.  *Strowmatt v. State*, 779 N.E.2d 971, 976 (Ind. Ct. App. 2002).  Becker attempts to distinguish *Strowmatt* by arguing that the term of imprisonment in *Strowmatt* was consecutive and his term of imprisonment is intermittent.  However, the trial court did not order Becker to serve intermittent terms of imprisonment.  Therefore, we conclude that the trial court did not abuse its discretion in denying Becker's motion to correct erroneous sentence.

[5] Affirmed.

Najam, J., and Robb, J., concur.