

FILED

Feb 15 2017, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harry Hobbs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2017

Court of Appeals Case No.
49A02-1609-CR-1983

Appeal from the Marion Superior
Court.
The Honorable Lisa F. Borges,
Judge.
The Honorable Anne Flannelly,
Magistrate.
Trial Court Cause No. 49G04-9309-
CF-119274

**Barteau, Senior Judge**

## Statement of the Case

[1] Harry Hobbs appeals the sentence the trial court imposed on remand following the Court's decision that he was entitled to partial relief on his motion to correct erroneous sentence. We affirm.

# Issue

Hobbs raises one issue, which we restate as: whether his sentence as corrected on remand violates statutory limits and must be reduced.

# Facts and Procedural History

The facts as stated in a prior appeal are as follows:

> On November 2, 1992, Hobbs committed the crimes from which this appeal stems. On September 15, 1993, the State charged him with Count 1, class A felony rape; Count 2, class A felony criminal deviate conduct; Count 3, class B felony burglary; and Count 4, class A felony criminal deviate conduct. A jury found Hobbs guilty as charged. On July 12, 1994, the trial court sentenced Hobbs to fifty years for Count 1, thirty years for Count 2, twenty years for Count 3, and fifty years for Count 4. The court ordered Counts 1 and 2 to run concurrent to each other and Counts 3 and 4 to run consecutive to each other and to Count 1, for an aggregate sentence of 120 years. Appellant's App. at 9, 87.

> Hobbs appealed his convictions and sentence. He argued that the evidence was insufficient to support his convictions, that his convictions violated double jeopardy principles, and that his sentence was manifestly unreasonable. This Court affirmed. *Hobbs v. State*, No. 49A02-9410-CR-614 (Ind. Ct. App. May 25, 1995).

> On March 27, 2015, Hobbs filed a motion to correct erroneous sentence pursuant to Indiana Code Section 35-38-1-15. He argued that his sentence violated Indiana Code Section 35-50-2-4, as amended July 1, 1994, because the new version reduced the presumptive sentence for a class A felony from thirty years to twenty-five years. He also argued that his aggregate sentence exceeded the limitation in Indiana Code Section 35-50-1-2, as amended effective July 1, 1994, on consecutive sentences arising from an episode of criminal conduct. The trial court found that

> Hobbs's sentence was not facially erroneous and denied his motion.

*Hobbs v. State*, No. 49A04-1505-CR-314, slip op. at 2-3 (Ind. Ct. App. Dec. 21, 2015), *trans. denied* (*Hobbs II*).

[4]   Hobbs appealed the denial of his motion to correct erroneous sentence. A panel of this Court determined that Hobbs's fifty-year sentences violated statutory maximums and remanded with instructions to reduce the sentences to forty-five years each. Hobbs claimed that his aggregate sentence should be reduced to 110 years, but the Court rejected that argument, stating:

> The revision of his fifty-year sentences does not require that his 120-year aggregate sentence be revised because his aggregate sentence is not facially erroneous. Therefore, when the trial court revises Hobbs's fifty-year sentences to forty-five years, it may rearrange Hobbs's sentences to effectuate a 120-year aggregate sentence. *See Wilson v. State*, 5 N.E.3d 759, 765 (Ind. 2014) (concluding that where manner of imposing multiple sentences violated statutory authority but fifty-year aggregate sentence was in compliance with applicable statutes, proper remedy was to remand for trial court to arrange individual sentences so as not to exceed fifty years).

*Id.* at 6. Hobbs also argued that his sentence was erroneous because his offenses constituted a single episode of criminal conduct, and, as a result, his aggregate sentence was subject to a statutory cap. The Court declined to address that argument, determining it was not appropriately raised in a motion to correct erroneous sentence.

[5]   On remand, the court held a hearing. After the hearing, the court reduced Hobbs's fifty-year sentences to forty-five years each. In addition, the court

imposed sentences of fifteen years each on counts two and three. Finally, the court ordered that Hobbs would serve his sentences on all four counts consecutively, for a total sentence of 120 years. This appeal followed.

## Discussion and Decision

Hobbs argues that his sentence must be reduced because his offenses constituted a single episode of criminal conduct and, as a result, his aggregate sentence must be reduced. The State claims Hobbs's argument is inappropriate in an appeal involving a motion to correct erroneous sentence. We agree with the State.

In *Hobbs II*, the Court remanded to the trial court to correct a specific sentencing error that was plain on the face of the sentencing order. The trial court corrected the error. The Court did not authorize plenary resentencing, and the trial court did not impose plenary resentencing. As a result, the parties' arguments in this appeal remain subject to the limits imposed by statute and our Supreme Court on motions to correct erroneous sentence.

We review a ruling on a motion to correct erroneous sentence only for an abuse of discretion. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). We will find an abuse of discretion if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.*

The governing statute, Indiana Code section 35-38-1-15 (1983), provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be

corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[10] As our Supreme Court has stated:

When an error related to sentencing occurs, it is in the best interests of all concerned that it be immediately discovered and corrected. Other than an immediate motion to correct sentence, such errors are best presented to the trial court by the optional motion to correct error under Indiana Trial Rule 59, or upon a direct appeal from the final judgment of the trial court pursuant to Indiana Appellate Rule 9(A). Thereafter, for claims not waived for failure to raise them by direct appeal, a defendant may seek recourse under Indiana Post-Conviction Rule 1, § 1(a)(3) by claiming 'that the sentence exceeds the maximum authorized by law, or is otherwise erroneous.' As noted above, however, we have recognized the statutory motion to correct sentence as an alternate remedy.

*Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004) (citations and footnote omitted).

[11] Use of a statutory motion to correct sentence is "narrowly confined" to claims apparent from the face of the sentencing judgment. *Id.* at 787. As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. *Id.* A sentencing error that requires examination of matters beyond the face of the sentencing judgment is better suited for resolution on direct appeal or through post-conviction relief. *Woodcox*, 30 N.E.3d at 751.

[12]     In *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012), the defendant filed a motion to correct erroneous sentence claiming, among other arguments, that his aggregate sentence violated a statute because his offenses constituted an episode of criminal conduct. The trial court denied his motion. On appeal, the Court determined that his claim was inappropriate in the context of a motion to correct erroneous sentence because the Court could not address the claim without considering "whether Davis's offenses were closely related in time, place, and circumstance and the specific facts underlying each count." *Id.* at 474.

[13]     In the current case, as in *Davis*, we cannot resolve Hobbs's claim without looking past the face of the sentencing order to the evidence presented at Hobbs's original trial. In fact, Hobbs encourages the Court to consider the evidence, providing citations to the transcript. Appellant's Br. p. 13. We agree with the *Hobbs II* court's conclusion that Hobbs's arguments related to an episode of criminal conduct may not be raised in a motion to correct erroneous sentence.

[14]     Hobbs claims his sentence is fundamentally erroneous and, as a result, his claims must be addressed in this appeal. The cases he cites are distinguishable. In *Lane v. State*, 727 N.E.2d 454 (Ind. Ct. App. 2000), the defendant appealed from resentencing following remand from a direct appeal. In *Niece v. State*, 456 N.E.2d 1081 (Ind. Ct. App. 1983), the defendant pursued a direct appeal following the trial court's ruling on a motion to correct error. By contrast, in this case the trial court corrected a limited sentencing error on remand in

relation to a motion to correct erroneous sentence. The holdings in *Lane* and *Niece* do not compel a conclusion that the trial court or this Court is obligated to consider all of Hobbs's sentencing claims regardless of whether they are appropriate for a motion to correct erroneous sentence.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Riley, J., and Barnes, J., concur.