## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2018, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kenneth McBride
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kenneth McBride, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | September 5, 2018 <br><br> Court of Appeals Case No. <br> 49A05-1705-CR-1050 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Kurt Eisgruber, Judge <br><br> Trial Court Cause No. <br> 49G01-1410-PC-48689 |

**Baker, Judge.**

[1]   Kenneth McBride appeals the trial court's denial of his motion to correct erroneous sentence. Finding no error, we affirm.

# Facts

[2]   The underlying facts, as described by this Court in McBride's direct appeal, are as follows:

> On March 7, 2012, around 4:30 p.m., Officer Ryan Irwin of the Indianapolis Metropolitan Police Department (IMPD) responded to the dispatch of a robbery in progress at the Oriental Market (Market), a grocery store on Lafayette Road owned by Bay Le Zhu (Zhu) and her husband. Officer Irwin arrived within one minute and found that the employees, two of whom had obvious injuries, and Zhu's six-year-old son Brian were locked inside the Market. Irwin also found a twelve gauge shotgun lying on the ground next to the market.
>
> It was later established that Zhu, Brian, Zhu's nephew Yixiu Chen (Yixiu), Kia Wong (Wong) and his wife, Cai Nong Chen (Cai), were all at the market when McBride and two other men, each armed and wearing dark clothing, gloves, and masks, entered the Market through a back door and locked the door behind them. The men confined everyone in the kitchen, striking several of the victims with their guns and binding their hands and legs with duct tape. After the men demanded money, Zhu gave them $1200 that she had in her pocket and was escorted out of the kitchen to the cash register, where they took additional money. When Van Duong, a regular customer, came by, he noticed that the door was locked even though the lights were on and the "open" sign was displayed. Suspicious, Duong peered through the Market window and observed masked men but none of the store employees. When he looked again, he saw Zhu taking money from the register, and she gave him a sign to call for help.

McBride and the other men escaped in Wong's vehicle, taking with them Wong's cell phone, Yixius's cell phone and many of his keys including his house and the Market keys, Zhu's purse and keys, the $1200 that Zhu had on her, and the money from the cash register. Duong got a good look at McBride and provided the license plate number of the getaway vehicle to the 911 dispatcher. He also reported that the vehicle had traveled south on Lafayette Road. Officers located the vehicle after a citizen reported seeing someone flee from the vehicle.

At around 5:00 p.m., McBride and his co-defendant, Adrian Jackson, were apprehended. They were found crouched down between a wood deck area and a garage, wearing dark clothing and shoes matching those worn by the robbers. Around and under the deck where McBride and Jackson were apprehended, the officers recovered several pieces of dark clothing, including a stocking cap mask, three dark gloves, the distinctive jacket worn by one of the men during the robbery with a Bic lighter in it that matched McBride's DNA, multiple cell phones, a set of keys, and a small purse, all of which were items taken from the victims during the robbery. Additionally, a piece of foreign currency and a rifle with Jackson's DNA were recovered. Officers also found $622 on McBride and $1106 on Jackson.

Jackson and McBride were arrested and taken to the police station and Zhu, Cai, Wong, and Duong were brought over for a show-up identification. All but Wong identified either one or both men as the robbers with seventy to one hundred percent certainty. Duong positively identified both men, stating that Jackson was the driver and McBride was the front seat passenger in the getaway vehicle.

*McBride v. State*, 992 N.E.2d 912, 914-15 (Ind. Ct. App. 2013) (footnote omitted).

[3] On March 9, 2012, the State charged McBride with two counts of Class B felony criminal confinement, three counts of Class B felony robbery, and three counts of Class C felony battery. A jury trial took place from September 17-19, 2012. On September 19, 2012, the State dismissed one of the Class C felony battery charges. The jury found McBride guilty on all other charges. On October 5, 2012, a sentencing hearing took place, during which the trial court merged one count of the criminal confinement conviction into the other and merged the battery convictions into two counts of the robbery convictions. The trial court sentenced McBride to six years executed for the criminal confinement conviction and eight years executed for each of the three robbery convictions, with all sentences to run consecutively, for an aggregate sentence of thirty years. *Id.* at 916.

[4] On direct appeal, McBride argued in relevant part that the trial court erred by imposing consecutive sentences. This Court held that the trial court did not err by imposing consecutive sentences because the sentences were based on the aggravating factors that McBride had committed the crimes against multiple victims and in the presence of a six-year-old, which were valid aggravating factors that could be used to impose consecutive sentences. *Id.* at 919-20.

[5] On February 12, 2016, McBride filed an amended petition for post-conviction relief, which the post-conviction court denied on December 6, 2016. On January 13, 2017, McBride filed a motion to correct erroneous sentence, arguing that the trial court erred by imposing consecutive sentences when it did

not base his sentence on any aggravators. The trial court denied the motion on January 17, 2017. McBride now appeals.

## Discussion and Decision

[6] McBride's sole argument on appeal is that the trial court erred by denying his motion to correct erroneous sentence. We will reverse a trial court's ruling on a motion to correct sentence only if the ruling is against the logic and effect of the facts and circumstances before it. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). While we defer to the trial court's factual determinations, we review legal conclusions de novo. *Id.*

[7] Initially, we note that McBride's claims are barred as a matter of res judicata. As a general rule, when this Court decides an issue on direct appeal, the doctrine of res judicata applies, thereby precluding its review in post-conviction proceedings. *State v. Holmes*, 728 N.E.2d 164, 168 (Ind. 2000). The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute. *Id.* This Court upheld the validity of McBride's sentence on direct appeal, specifically holding that the trial court had relied on valid aggravating factors to support the consecutive sentences. *McBride*, 992 N.E.2d at 919-21. Because McBride already litigated on direct appeal the validity of his consecutive sentences, he may not attempt to litigate that issue for a second time through his motion to correct erroneous sentence.

[8] The matter of res judicata notwithstanding, we find no merit in McBride's argument. He first alleges that his consecutive sentences were unlawful because

the trial court did not find any aggravating factors to support imposing consecutive sentences. A trial court is required to state its reasoning and to find at least one aggravating factor to impose consecutive sentences. *Id.* at 919. Here, the trial court's oral and written sentencing statements clearly show that it found and relied upon several aggravating factors to support the consecutive sentences, including the nature and circumstances of the crimes, the existence of multiple victims, and the young age of one of the victims. Appellant's App. p. 30-32.

[9] McBride also argues that the trial court erred by imposing consecutive sentences for his three convictions of Class B felony robbery because the crimes arose out of a single episode of criminal conduct.[1] But at the time of the offenses, Class B felony robbery was a "crime of violence," and the limit on consecutive sentences for single episodes of criminal conduct did not apply to crimes of violence. Ind. Code § 35-50-1-2(a)(12), -(c) (2012). Therefore, McBride's sentences were not subject to statutory limits on sentences for single episodes of criminal conduct. McBride's argument is unavailing.

[10] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.

---

[1] This argument should have been raised in McBride's direct appeal and is now untimely. Nevertheless, we will briefly address it.