## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

May 01 2020, 8:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lloyd E. Conn
Branchville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lloyd E. Conn,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 1, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2299<br><br>Appeal from the Franklin Circuit<br>Court<br><br>The Honorable J. Steven Cox,<br>Judge<br><br>Trial Court Cause No.<br>24C01-1001-FA-11 |

**Mathias, Judge.**

[1] Lloyd E. Conn, pro se, appeals the Franklin Circuit Court's denial of his motion to correct erroneous sentence. Conn presents the issue of whether the trial court abused its discretion in denying the motion.

[2] We affirm.

## Facts and Procedural History

[3] Following a jury trial in July 2010, Conn was convicted of Class A felony conspiracy to commit murder. He was sentenced to forty-five years in the Department of Correction, with five years suspended to probation. On direct appeal, Conn argued that the evidence was insufficient to sustain his conviction; finding the evidence sufficient, this Court affirmed Conn's conviction in 2011. *Conn v. State*, 948 N.E.2d 849 (Ind. Ct. App. 2011).

[4] Conn filed a motion to correct erroneous sentence on August 23, 2019, challenging the sentencing court's identification of aggravating and mitigating circumstances. Aggravating factors identified by the sentencing court included Conn's criminal record; his failure to comply with the terms of his probation; and the fact that the offense for which he was convicted was committed while he was on probation. Appellant's App. p. 21. The sentencing court did not identify mitigating factors. Conn's motion to correct erroneous sentence was denied without hearing on August 23, 2019. Appellant's App. p. 32. Conn now appeals.

# Discussion and Decision

[5] We review the denial of a motion to correct erroneous sentence for an abuse of discretion. *Felder v. State*, 870 N.E.2d 554, 560 (Ind. Ct. App. 2007). An abuse of discretion will be found only when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id.* An inmate who believes that he has been erroneously sentenced may file a motion to correct an erroneous sentence, which are designed to provide a prompt and uncomplicated process to correct sentences. *Neff v. State*, 888 N.E.2d 1249, 1250–51 (Ind. 2008). Indiana Code section 35-38-1-15 provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[6] Motions made pursuant to Indiana Code section 35-38-1-15 may only be used to attack a sentence that is "erroneous on its face." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). A sentence is defective on its face if it violates express statutory authority in effect at the time the sentence was pronounced. *Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). When claims of sentencing errors require consideration of matters outside the face of the sentencing judgment, the alleged errors may only be attacked by direct appeal or, when appropriate, by petitions for post-conviction relief. *Robinson*, 805 N.E.2d at 787.

"Claims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id.*

[7]     Here, Conn argues that the sentencing court improperly considered his criminal record and his compliance with probation. Appellant's Br. at 6. The State argues that Conn's motion to correct erroneous sentence is not a facial attack on the sentencing order and, thus, is not permissible under *Robinson*. We agree.

[8]     Conn's sentence is not facially erroneous: he was sentenced to forty-five years for his Class A felony conviction for conspiracy to commit murder. At the time Conn was sentenced, the maximum term for a Class A felony was fifty years, with an advisory sentence of thirty years. I.C. § 35-50-2-4. Conn has not shown that his forty-five-year sentence is outside the statutory parameters.

[9]     Conn argues that the State improperly relied on aggravating factors in reaching its sentence and furthermore that its reliance was constitutionally impermissible.[1] But resolution of this argument would require examination of matters included in Conn's pre-sentence investigation report, which are outside the face of the sentencing order. In light of our strict application of the facially erroneous prerequisite in reviewing the denial of a motion to correct erroneous

---

[1] Conn's contention that the sentencing court's decision violated his constitutional rights as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004) is misplaced. Our supreme court has recognized that the Indiana General Assembly's elimination of fixed sentencing terms removed the evaluation of sentencing decisions from the scope of *Blakely*. *See Anglemyer v. State*, 868 N.E.2d 482, 489 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. And, evaluating such a claim as part of a motion to correct erroneous sentence would require the court to look beyond the face of the judgment, which we will not do. *See Fulkrod v. State*, 855 N.E.2d 1064, 1067 (Ind. Ct. App. 2006).

sentence, we conclude that this argument is not properly before the court through Conn's motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 787 ("Use of the statutory motion to correct sentence should [] be narrowly confined to claims apparent from the face of the sentencing judgment, and the 'facially erroneous' prerequisite should henceforth be strictly applied[.]").

## Conclusion

[10] Accordingly, we hold that the trial court properly denied Conn's motion to correct erroneous sentence.

[11] Affirmed.

Riley, J., and Tavitas, J., concur.