## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 30 2020, 8:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Samuel L. Wait
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Samuel L. Wait,
*Appellant,*

v.

State of Indiana,
*Appellee.*

October 30, 2020

Court of Appeals Case No.
20A-CR-1188

Appeal from the Elkhart Superior Court

The Honorable Teresa L. Cataldo, Judge

Trial Court Cause No.
20D03-0708-FA-55

**Bailey, Judge.**

# Case Summary

[1] Samuel L. Wait ("Wait") appeals, pro se, the trial court's order denying his motion to correct erroneous sentence.

[2] We affirm.

# Issues

[3] Wait raises three issues on appeal which we consolidate and restate as follows:

    I.       Whether the trial court erred when it denied his motion to correct sentence as untimely.

    II.     Whether he may raise his claims regarding his repeat sexual offender and credit restricted felon statuses in a motion to correct sentence.

# Facts and Procedural History

[4] In 2009, a jury found Wait guilty of four counts of Class A felony child molesting and Wait admitted that he is a habitual offender and repeat sexual offender. The trial court sentenced Wait to an aggregate term of 110 years imprisonment. Wait appealed his convictions and the order that he serve consecutive sentences. We affirmed Wait's convictions and sentence. *Wait v. State*, No. 20A03-0904-CR-135, 2009 WL 3199127 (Ind. Ct. App. October 7, 2009). Wait subsequently litigated a petition for post-conviction relief in which he alleged ineffective assistance of counsel. The post-conviction court denied

the petition and we affirmed. *Wait v. State*, No. 20A03-1512-PC-2304, 2017 WL 127714 (Ind. Ct. App. January 13, 2017), *trans. denied*.

[5] On April 27, 2020, Wait filed a motion to correct erroneous sentence and supporting memorandum in which he alleged, on *ex post facto* grounds, that he could not be sentenced as a repeat sexual offender or be found to be a credit restricted felon. On May 27, 2020, the trial court denied Wait's motion on the grounds that it was "not timely filed." App. at 21. This appeal ensued.

# Discussion and Decision

[6] Wait appeals the denial of his motion to correct erroneous sentence. We review such a ruling for an abuse of discretion. *E.g., Woodcox v. State*, 30 N.E.3d 748, 750 (Ind. Ct. App. 2015). An abuse of discretion occurs when the decision is against the logic and effect of the facts and circumstances before the trial court. *Id*. "While we defer to the trial court's factual determinations, we review legal conclusions de novo." *Id*.

[7] As the State admits, the trial court's conclusion that Wait's motion to correct erroneous sentence was untimely was incorrect. Rather, such a motion may be filed at any time. *See Ben-Yisrayl v. State*, 908 N.E.2d 1223, 1227 (Ind. Ct. App. 2009) (noting "a sentence that exceeds statutory authority constitutes fundamental error and is subject to correction at any time"), *trans. denied*.

[8] Nevertheless, the denial of Wait's motion was appropriate because his claims were not properly brought in a statutory motion to correct sentence. Indiana

Code Section 35-38-1-15 provides that a convicted person may file a motion to correct an erroneous sentence to remedy a defect in a sentencing order. But use of such a statutory motion is

> "narrowly confined" to claims apparent from the face of the sentencing judgment. [*Robinson v. State*, 805 N.E.2d 783,] 787 [(Ind. 2004)]. As to sentencing claims not facially apparent, the motion to correct sentence is an improper remedy. *Id*. A sentencing error that requires examination of matters beyond the face of the sentencing judgment is better suited for resolution on direct appeal or through post-conviction relief. *Woodcox*[ *v. State*], 30 N.E.3d [748,] 751 [(Ind. Ct. App. 2015)].

*Hobbs v. State*, 71 N.E.3d 46, 49 (Ind. Ct. App. 2017), *trans. denied*. Thus, "[c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Robinson*, 805 N.E.2d at 787; *see also, e.g.*, *Hobbs*, 71 N.E.3d at 49 (holding motion to correct erroneous sentence was impermissible remedy where court could not "resolve Hobbs's claims without looking past the face of the sentencing order to the evidence presented at Hobbs's original trial").

[9] Wait's claim that he was erroneously found to be a repeat sexual offender requires consideration of his prior crimes. *See* Ind. Code § 35-50-2-14 (2009). His claim that the credit restricted felon statute, Indiana Code Section 35-41-1-5.5(1) (2008), was erroneously applied to him requires consideration of the dates when his crimes were committed. That is, Wait's claims are not facially apparent but require examination of events before trial, i.e., matters beyond the sentencing judgment. Thus, his claims were not properly brought in a motion

to correct erroneous sentence under Indiana Code Section 35-38-1-15. *Robinson*, 805 N.E.2d at 787. Rather, if Wait wishes to pursue these claims, he must do so by seeking permission to bring a successive petition for post-conviction relief pursuant to Rule 1(12) of the Indiana Rules of Post-Conviction Remedies. *See Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008) (citing *Robinson*, 805 N.E.2d at 787) ("[A]ll manner of claims of sentencing errors (other than those that do not require consideration of matters outside the face of the sentencing judgment), are addressed via post-conviction relief proceedings.").

[10] Affirmed.

Vaidik, J., and Weissmann, J., concur.