## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 19 2018, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Stacy Y. Hart
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stacy Yuron Hart,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 19, 2018

Court of Appeals Case No.
18A-CR-1092

Appeal from the Vanderburgh
Circuit Court

The Honorable David D. Kiely,
Judge

Trial Court Cause No.
82C01-1407-F3-923

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Petitioner, Stacey Yuron Hart (Hart), appeals the trial court's denial of his motion to correct erroneous sentence.

We affirm.

# ISSUE

Hart presents us with one issue on appeal, which we restate as: Whether the trial court abused its discretion by denying his motion to correct erroneous sentence.

# FACTS AND PROCEDURAL HISTORY

The facts as they were found by this court on direct appeal are as follows:

> From July 15-19, 2014, C.D., a fourteen-year-old runaway, lived with Hart at various locations in Evansville. During this time, Hart gave someone methamphetamine in exchange for the use of a motel room and sold methamphetamine from his car and at multiple residences. On July 19, police picked up C.D. C.D. tested positive for methamphetamine, Xanax, marijuana, and synthetic marijuana. Evansville Police Detective Tony Mayhew interviewed C.D. regarding her prior whereabouts.
>
> Based on what C.D. told him, Detective Mayhew obtained a search warrant for Hart's vehicle. On July 24, police stopped Hart's vehicle based on Detective Mayhew's warrant. The officer found a digital scale, a cigarette case containing baggie corners and tweezers, a glass pipe with residue, and small baggies with what he believed were drugs. Testing of the substances in the baggies revealed 7.16 grams of methamphetamine, two

tablets of methadone, three tablets of hydrocodone, and five tablets of Tramadol.

The State charged Hart with Level 3 felony dealing in methamphetamine, Level 6 possession of a narcotic drug, Class A misdemeanor possession of paraphernalia, and Level 6 felony possession of a legend drug. It alleged Hart was an habitual offender. A jury found Hart guilty of all charges except Level 6 felony possession of a legend drug, on which the trial court directed a verdict. The jury concluded Hart was an habitual offender based on his prior convictions of Class D felony failure to return to lawful detention in 2002 and Class C felony possession of a controlled substance in 2005.

*Hart v. State*, 2015 WL 6954942, slip op. at 2-3 (Ind. Ct. App. Nov. 10, 2015), *trans. denied*.

[5] On October 23, 2014, the trial court imposed a fifteen-year sentence on the Level 3 felony dealing methamphetamine conviction, enhanced by twenty years for the habitual offender adjudication, and concurrent, maximum sentences on the other two convictions resulting in an aggregate thirty-five-year sentence. Hart appealed. On direct appeal, he claimed that his counsel was ineffective for failing to argue that he was not properly adjudicated a habitual offender. We rejected the claim and concluded that the State's evidence of Hart's prior felony convictions in 2002 and 2005 established that he was a habitual offender.

[6] On March 8, 2018, Hart filed a motion to correct erroneous sentence, asserting that the State relied on an ineligible prior conviction to support the habitual

offender adjudication because it was more than ten years old. On April 12, 2018, the trial court denied Hart's motion.

[7] Hart now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Hart contends that the trial court abused its discretion in denying his motion to correct his erroneous sentence. Specifically, he maintains that his adjudication as a habitual offender is invalid because it is not based on qualifying prior convictions. A trial court's denial of a motion to correct erroneous sentence is reviewed for an abuse of discretion. *See Hobbs v. State*, 71 N.E.3d 46, 48 (Ind. Ct. App. 2017), *trans. denied*. We will find an abuse of discretion if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*.

[9] With respect to a sentencing error, "it is in the best interests of all concerned that it be immediately discovered and corrected." *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004). A motion to correct sentence under Indiana Code section 35-38-1-15 is appropriate only for "sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id*. A sentencing error that requires examination of matters beyond the face of the sentencing judgment is better suited for resolution on direct appeal and post-conviction relief. *Id*. Accordingly, [c]laims that require consideration of the proceedings before, during, or after trial may not be presented by way of a motion to correct sentence." *Id*. A sentence is defective on its face "if it

violates express statutory authority at the time the sentence is pronounced, as when the sentence falls outside the statutory parameters for the particular offense or is based on an erroneous interpretation of a penalty provision." *Woodcox v. State*, 30 N.E.3d 748, 751 (Ind. Ct. App. 2015).

[10] Hart's allegation that one of the underlying convictions used to support his habitual offender adjudication was more than ten years old at the time of sentencing and was therefore ineligible is not a claim that can be litigated by way of a motion to correct error. The evaluation of Hart's allegation requires us to look beyond the face of the judgment and examine the underlying convictions on which the habitual offender adjudication was based. It is only by examining the evidence of the prior convictions themselves that we could reach a decision on Hart's claim. Therefore, as Hart's contention requires this court to look beyond the judgment, it may not be adjudicated through a motion to correct erroneous sentence. *See Robinson*, 805 N.E.2d at 786. We affirm the trial court.

## CONCLUSION

[11] Based on the foregoing, we conclude that the trial court did not abuse its discretion by denying Hart's motion to correct erroneous sentence.

[12] Affirmed.

[13] Vaidik, C. J. and Kirsch, J. concur